341 F.2d 536
 James H. THOMPSON and Mrs. La Vaye Thompson, Appellants,
v.
James T. STAPLES, Robert Kenneth Staples, Bob & Jake's Steak
House, Inc., and Fireman's Fund Insurance Company,
Appellees.
 No. 21495.
 United States Court of Appeals Fifth Circuit.
 Feb. 18, 1965, Rehearing Denied March 16, 1965.
 
 Sylvia Roberts and H. Alva Brumfield, Baton Rouge, La., for appellants.
 Maurice J. Wilson and Breazeale, Sachse & Wilson, Baton Rouge, La., for appellees.
 Before WISDOM and GEWIN, Circuit Judges, and BOOTLE, District Judge.
 PER CURIAM.
 
 
 1
 On December 9, 1961, plaintiff-appellant Mrs. Thompson sustained personal injuries when she slipped on the floor of a restaurant operated by the Staples. She and her husband instituted suit on January 8, 1964, against the Staples and their insurer to recover damages for her injuries. The complaint was filed approximately one year and thirty days after the running of the one-year Louisiana prescription for damages 'resulting from offenses or quasi offenses.'[1] The plaintiffs sought to avoid the prescription statute by alleging that an insurance adjuster representing appellee Fireman's Fund had, by his actions and words, made deliberate misrepresentations, detailed in the complaint, which led Mrs. Thompson reasonably to believe that the insurance company fully intended to settle her claim. She asserted that these misrepresentations were the sole cause of her failure to obtain legal counsel or otherwise take action during the year prior to the running of the period of prescription. The trial court granted defendants' motion to dismiss the complaint for failure to state a claim on which relief could be granted, and the plaintiffs appeal.
 
 
 2
 Since jurisdiction in this case is based solely on diversity of citizenship, we are bound to apply the substantive law of Louisiana. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). We agree with the trial court's conclusion that plaintiffs' allegations do not set forth a claim for avoidance of the prescription statute under the Louisiana decisions. See Green v. Grain Dealers Mutual Ins. Co., (La.App.1962) 144 So.2d 685; Ayres v. New York Life Ins. Co., 219 La. 945, 54 So.2d 409, 411-412 (1951). The judgment is therefore affirmed.
 
 
 
 [1]
 Art. 3536, LSA-Civ.Code