REGAN, Judge.
The plaintiff, Mrs. Ellen Gitz Williamson, filed this suit against the defendant, S. S. Kresge Company, endeavoring to recover workmen’s compensation for total and permanent disability which she asserts was incurred during the course and scope of her employment. In the alternative, she requests the rendition of a judgment in the amount of $109,500.00 representing damages for personal injuries which is encompassed by the rationale of Article 2315 of the Louisiana Civil Code.[1]
The defendant pleaded the exceptions of no right or cause of action to the plaintiff’s demand for workmen’s compensation and the exception of prescription to her action ex delicto.
From a judgment of the lower court maintaining both of the defendant’s exceptions, the plaintiff has prosecuted this appeal.
The petition, and that is all that is posed for our consideration, reveals that the plaintiff was employed by the defendant as a saleslady in the department store located in the Lakeside Shopping Center, in Jefferson Parish, Louisiana. She asserted therein that she was injured as the result of a fall near the top of the stairs leading to the defendant’s stock room, where she had gone to obtain an article purchased by a customer.
The injury occurred on April 6, 1960, and the defendant paid workmen’s compensation at the rate of $26.00 per week from April 7, 1960, through June 3, 1964, or for a period of slightly more than four years. The last payment was received on June 15, 1964, and on July 30, 1964, the defendant’s attorney notified the plaintiff that her compensation and medical payments would be discontinued because the company had erred in ever making these payments to her since she was not engaged in a hazardous occupation and her employer was not engaged in a hazardous business.
On June 15, 1965, the plaintiff filed suit, which was met by the exceptions referred to hereinabove. Subsequently, she filed an amended petition asserting therein that the defendant was estopped from pleading prescription to the tort action by virtue of its having paid the plaintiff compensation.
It is conceded by respective counsel that the workmen’s compensation statute affords no coverage to the plaintiff, and therefore, the defendant’s exception of no cause of action should be maintained. However, the plaintiff argues that the defendant may not rely on the prescription of one year provided for tort actions since its *698 compensation payments to the plaintiff lulled her into a sense of security and, in fact, induced her to refrain from filing suit ex delicto.
In its reasons for judgment, the trial court concluded that the length of the payments, that is, about four years, precluded any suggestion that they were made in order to intentionally defeat the one year prescriptive period in which to file suit ex delicto. In addition thereto, it concluded that both the plaintiff and the defendant are charged with knowledge of their respective rights afforded by the law, and that ignorance thereof does not suspend the statute of limitations. We, of course, essentially agree with this reasoning.
While the plaintiff has cited no judicial authority in support of her position, the defendant has referred us to the case of Green v. Grain Dealers Mutual Insurance Company [2] wherein the court reasoned that the representation of an insurance adjuster to injured parties that they would have two years within which to institute suit for de-lictual damages did not relieve the plaintiffs of the necessity of filing their suit within the one year prescription period. The court maintained the defendant’s exception of prescription since the plaintiffs had filed their suit more than one year from the date of the accident.[3] Substantially the same rationale emanated from the case of Ayres v. New York Life Insurance Company[4] wherein the court reasoned that the plaintiff’s suit had prescribed despite the allegations that the defendant’s insurance adjuster continued to represent that he intended to settle the plaintiff’s claim, and relying thereon, the plaintiff failed to file suit within the prescriptive period.
It is thus quite apparent that our jurisprudence militates against the plaintiff’s right under the foregoing facts to prosecute a claim against the defendant ex delicto. The one year period prescribed for such an action is not suspended or interrupted by virtue of the payment of work-mens’ compensation to an injured person even if she is not legally entitled thereto or covered thereby.
For the foregoing reasons, the judgment of the lower court is affirmed.
The plaintiff is to pay all costs incurred herein.
Affirmed.

. “Every act -wliatevor of man that causes damage to another, obliges him by whose fault it happened to repair it; * *

. La.App., 144 So.2d 685 (1962).

. See also Thompson v. Staples, 341 F.2d 536 (5th Cir. 1965).

.219 La. 945, 54 So.2d 409 (1951).