144 So.2d 685 (1962)
Mr. and Mrs. Ronald L. GREEN
v.
GRAIN DEALERS MUTUAL INSURANCE COMPANY, Crawford and Company, and Helen M. Richaud.
No. 671.
Court of Appeal of Louisiana, Fourth Circuit.
September 17, 1962.
*686 Brumfield & Organ, New Orleans, Donald V. Organ, Trial Atty., New Orleans, for plaintiffs-appellants.
Montgomery, Barnett, Brown & Read, New Orleans, John P. Hammond, Trial Atty., New Orleans, for defendant Grain Dealers Mut. Ins. Co., appellee.
Christovich & Kearney, New Orleans, A. R. Christovich, Trial Atty., New Orleans, for Crawford and Co. and Helen M. Richaud, exceptor.
Before HARDY, WOODS and DIXON, JJ.
JOHN A. DIXON, Jr., Judge.
Plaintiffs appeal from a judgment of the Civil District Court for the Parish of Orleans sustaining an exception of prescription and no cause of action.
Mr. and Mrs. Ronald L. Green brought an action against Grain Dealers Mutual Insurance Company, Crawford and Company, and Helen M. Richaud, seeking damages in the amount of $71,600.00 as a result of an automobile accident.
Plaintiffs allege that Mrs. Green was injured on September 11, 1958 in Orleans Parish when the car Mr. Green was driving was struck in the rear by an automobile operated by Mrs. Helen M. Richaud. The petition was filed May 2, 1960.
The plaintiffs reside in Texas. The allegations of the petition show that they returned to Texas after the accident, at which time agents of the defendant, Crawford and Company, made contact with the plaintiffs, on behalf of Grain Dealers Mutual Insurance Company, the liability insurer of Mrs. Richaud.
Plaintiffs allege that the agents of Crawford and Company,
"* * * on numerous occasions advised the petitioners that there was no necessity for them to obtain legal assistance in asserting their claims since they would be fairly treated by Crawford and Company and Grain Dealers Mutual Insurance Company and Helen M. Richaud acting through Crawford and Company, and that further, that the petitioners had two full years in which to bring any legal action against the defendants, Grain Dealers Mutual Insurance Company and Helen M. Richaud;
"11. For a period of more than one year until March 29th, 1960, Crawford and Company acting as agents aforesaid at various times and under various circumstances negotiated with petitioners and requested and had petitioners submit evidence of the damages sustained, and held out to the petitioners that their damages would be fully paid for by Grain Dealers Mutual Insurance Company and Helen M. Richaud, and that there was no need to employ legal assistance and that they had two full years from the date of the incident in question in which to bring any action to avoid having their rights barred by limitations;
"12. The defendants, Crawford and Company and Grain Dealers Mutual Insurance Company and Helen M. Richaud acting through Crawford and Company, deliberately and wilfully misled petitioners into believing that they had two full years in which to bring this or a similar action in order to entice petitioners to allow more than one year from the date of the accident to expire before seeking legal assistance;
"13. Defendants, Crawford and Company and Grain Dealers Mutual Insurance Company and Helen M. Richaud through Crawford and Company, *687 deliberately deceived and misled petitioners into believing they had two full years in which to bring an action so as to avoid the bar of limitations;
"14. Petitioners relied to their detriment upon the truthfulness of the assertions to them by Crawford and Company after being repeatedly, for more than one year after the accident, assured the damages would be paid for and that their rights would not be prejudiced by continuing to negotiate and by failing to seek legal assistance, and therefore all defendants are estopped from denying the timeliness of this suit.
* * * * * *
"16. This is an action for deceit against the Crawford and Company and Grain Dealers Mutual Insurance Company because:
"(a) Crawford and Company and Grain Dealers Mutual Insurance Company knew that their statements to petioners that petitioners had two full years in which to bring any action was false, or in the alternative were consciously ignorant of the truth.
* * * * * *
"18. In the further alternative and without in any way limiting or lessening petitioners' assertion and only in the event that the petitioners' rights against Grain Dealers Mutual Insurance Company, Crawford and Company and Helen M. Richaud, are prescribed and only in the event that the defendants, Grain Dealers Mutual Insurance Company and Crawford and Company were not guilty of deceit, then and only then petitioners assert that this is an action in tort for damages for negligent misrepresentation by Crawford and Company and Grain Dealers Mutual Insurance Company, as follows:
"20. Crawford and Company and Grain Dealers Mutual Insurance Company acting through Crawford and Company, their agents, represented to petitioners that they had two full years in which to bring any action before such action would be barred by limitations and they made those statements without reasonable care to learn the truth, and petitioners relied to their detriment on the statements made."
In attempting to avoid the effect of the Louisiana one-year prescription period against recovery for damages resulting from a wrongful act, the plaintiffs rely upon the maxim contra non valentem agere nulla currit praescriptio. This is an equitable doctrine, formerly denied entry into the law of the State of Louisiana, but subsequently applied on several occasions with the result that, under certain circumstances, prescription does not run against a person unable to bring an action. The rule "contra non valentem" is applied to prevent the injustice of an innocent party being lulled into a course of inaction in the enforcement of his right by reason of concealment or fraudulent conduct by defendant, or because of the defendant's failure to perform a legal duty causing the plaintiff to be kept in ignorance of his rights.
In the first place, it must be recognized that the misrepresentation alleged in the petition was that the plaintiffs had two full years from the date of the accident in which to bring an action for recovery. This is a representation, or a misrepresentation, of law and not of fact.
In Louisiana, no one can allege ignorance of the law (LSA-Civil Code Article 7). The Louisiana codal articles with reference to fraud have to do with conventional obligations, and not tortious conduct. Nevertheless, it is interesting to note the manner in which knowledge of rights under the prescriptive laws is treated in our Civil Code. Article 1846(5) states:
"A promise or contract, that destroys a prescriptive right, shall not be voided by an allegation that the party was ignorant or in an error with regard to the law of prescription."
*688 There is no allegation in the petition that the adjuster who made the representation concerning the two-year prescriptive period was anything but a layman. Even if he were a lawyer, it is alleged that he was the employee or agent of defendants. The defendants and the plaintiffs were adversaries. There is no relationship alleged from which we can find the existence of a duty on the part of the adjuster to advise the plaintiffs correctly on the Louisiana law of prescription.
In an early Louisiana case in which the doctrine "contra non valentem" was urged to avoid a plea of prescription, it was held:
"Those who claim exemption from prescription by reason of ignorance resulting from fraud must allege and show that such ignorance was neither willful nor negligent. `It must appear from the allegations in the petition that the plaintiff had used due diligence to detect the fraud, and that he could not by the use of reasonable diligence have made the discovery sooner.'" Cox v. VonAhlefeldt, 105 La. 543, 586, 30 So. 175, 216.
"Reasonable diligence" in the instant case would have required plaintiffs to seek legal advice from one competent to give legal advice. A simple inquiry to a Louisiana lawyer would have avoided plaintiff's difficulty. It is a rare case in which recovery is allowed for misrepresentation of facts when the true facts are equally accessible to the plaintiff and defendant. There is no allegation in the petition to show that the plaintiffs did not have an opportunity equal to that of the defendants to learn the law of Louisiana concerning the one-year prescription in tort cases.
Plaintiffs cite cases from other jurisdictions which are factually similar, and which support their position. Suffice it to say that the Louisiana courts have not extended the doctrine of equitable estoppel to the point that "it is enough if the party has been induced to refrain from using such means or taking such action as lay in his power, by which he might have retrieved his position and saved himself from loss." Delson v. Minogue, 190 F.Supp. 935, 937 (Eastern District of New York, 1961). In those jurisdictions where the doctrine of equitable estoppel is accepted, the conduct of the party against whom the doctrine is applied need not amount to actionable fraud or misrepresentation.
For the foregoing reasons the exceptions of prescription and no cause of action were correctly sustained. The judgment of the District Court is affirmed, at apppellant's cost.