CULPEPPER, Judge.
The plaintiff, James Gaspard, individually, and as the administrator of the estate of his minor daughter, Mattie June Gas-pard, filed this suit for damages for personal injuries sustained by the minor in an *840 automobile accident. Miss Gaspard was a passenger in an automobile being driven by Alvin Bordelon, Jr., the minor son of the defendant, Alvin Bordelon, Sr., and the insured of the defendant, Liberty Mutual Insurance Company. The district judge sustained defendants’ exception of prescription of one year on the grounds that plaintiff’s petition shows on its face that the accident occurred on December 2, 1967, and this suit was not filed until January 17, 1969. Plaintiff appealed.
The issue is whether the doctrine of contra non valentem agere non currit prae-scriptio (no prescription runs against a person unable to bring an action) is applicable.
Plaintiff’s original petition alleges generally that the accident occurred on December 2, 1967, and that Miss Gaspard received personal injuries for which she is entitled to recover the sum of $10,000. Medical expenses, past, present and future, are alleged to be $3,000.
Defendants filed a peremptory exception of prescription of one year. Plaintiff then filed a supplemental petition, alleging that prescription was either interrupted or suspended for the following reasons:
“At the time of the accident wherein petitioner’s daughter was seriously injured, petitioner was, and has been since, totally and permanently disabled; moreover petitioner has been and is suffering from grand mal and/or petit mal epilepsy, and has been receiving treatment at the Huey P. Long Charity Hospitals in Alexandria and Shreveport, Louisiana for several years; furthermore, petitioner is uneducated, is unable to read or write or in any manner to gain employment at this time and as a result of this accident and consequences, he incurred a large hospital bill at the Marksville Hospital for treatment of his daughter; that petitioner, James Gaspard, became extremely upset, agitated and incapable of handling his affairs in a completely rational manner; that moreover, defendant, Liberty Mutual Insurance Co., through its adjusters, immediately sought out petitioner, James Gaspard, and knowing his infirmities, physical, mental and financial, offered and induced him to settle this claim for his minor daughter for an outrageously low figure, notwithstanding, that defendants were completely and totally at fatilt in this accident and notwithstanding that petitioner’s daughter had suffered the severe permanent and crippling injuries which she did; that in an effort to induce petitioner to settle this claim, the adjuster for the defendant actually went to the home and after learning the amount of medical bills involved herein, wrote a check out to James Gaspard for less than $2,500.00, knowing full well that the medical bills at this time were in excess of $900.00 and that petitioner’s daughter was seriously and permanently injured.
“3.
“In an effort to expedite settlement hereof as well as to lead petitioner to act to his detriment, defendant’s adjuster issued the check to James Gaspard.for full and final settlement of James Gaspard’s claims as well as the minor daughter’s Mattie June Gaspard; that this check was issued and petitioner was told that he was paid in full, notwithstanding the law of the State of Louisiana that the claims of minors are to be approved by a Court of law, and on the basis of this illegal, invidious and intentional fraudulent conduct of the part of defendant, through its adjuster, petitioner, James Gaspard, was led to believe that he had settled completely, fully and legally any and all claims for himself as well as his minor daughter, Mattie June Gaspard; that it was not until after petitioner contacted his attorney with reference to the claim for the grand mal and/or petit mal epilepsy which he was suffering, which date was after December 2, 1968, that petitioner became aware of the fraud, ill practices and illegal conduct on *841 the part of defendant and at this time, employed counsel for the purpose of seeking to redress this matter so as to obtain for his daughter, Mattie June Gaspard, and himself the proper amount of money to which they were entitled; that pursuant to the laws of this State, the jurisprudence thereof and equity, on the basis of this conduct of defendant, which conduct led petitioner to act to his detriment and the detriment of his minor daughter, defendant is estopped to plead the plea of prescription and on the theory of Detrimental Reliance, petitioner desires and is entitled to have evidence adduced in this matter for the purpose of showing the circumstances surrounding the alleged settlement of his claim for himself and his minor daughter, thereby allowing petitioner the right to proceed herein on trial of the merits of this case.”
At the hearing on the exception of prescription the defendant, of course, relied on the face of the petition. The court refused to allow plaintiff to introduce evidence to controvert the exception of prescription. Apparently, the trial court reasoned that, accepting as true any evidence admissible under plaintiff’s supplemental petition, the doctrine of “contra non valem tern” does not apply.
In Ayres v. New York Life Insurance Company, 219 La. 945, 54 So.2d 409 (1951) the insured under a life and accident policy became disabled in 1934. The insured died in 1945 and his widow filed suit in 1946. The defendant insurer filed an exception of prescription of ten years as to all monthly disability payments which had been due for over ten years. The widow contended that prescription was suspended from 1941 to 1945 because the insured was so seriously ill that he was unable to file or prosecute a suit. In rejecting the widow’s contention, the court held:
“There is no merit in the contention. To begin with, it is manifest that the insured’s illness afforded no excuse for the failure to make timely legal demand on his behalf. Besides, the doctrine ‘contra non valentem’ has been received in Louisiana with some question and the court’s recognition of it as a cause for suspending the course of prescription has been quite restricted. Application of the doctrine has been held to be limited to cases where the debtor has concealed the fact of the obligation or has committed other acts which tend to hinder, impede or prevent the creditor from ascertaining knowledge of the existence of the debt. * * * Under Article 3521 of the Civil Code, it is provided that prescription runs against all persons ‘unless they are included in some exception established by law’. The illness of the insured in this case does not fall within any of the exceptions provided by our Code and therefore the running of prescription was not suspended.” (citations omitted)
In Green v. Grain Dealers Mutual Insurance Company, 144 So.2d 685 (La.App. 4th Cir. 1962), present Justice Dixon was the organ of the court. The facts were that defendant’s adjuster stated to the plaintiffs that they had two years, under the law of Louisiana, within which to bring an action for injuries sustained in an accident. The court held:
“In attempting to avoid the effect of the Louisiana one-year prescription period against recovery for damages resulting from a wrongful act, the plaintiffs rely upon the maxim contra non valentem agere nulla currit praescriptio. This is an equitable doctrine, formerly denied entry into the law of the State of Louisiana, but subsequently applied on several occasions with the result that, under certain circumstances, prescription does not run against a person unable to bring an action. The rule ‘contra non valentem’ is applied to prevent the injustice of an innocent party being lulled into a course of inaction in the enforcement of his right by reason of concealment or fraud *842 ulent conduct by defendant, or because of the defendant’s failure to perform a legal duty causing the plaintiff to be kept in ignorance of his rights.
“In the first place, it must be recognized that the misrepresentation alleged in the petition was that the plaintiffs had two full years from the date of the accident in which to bring an action for recovery. This is a representation, or a misrepresentation, of law and not of fact.
“In Louisiana, no one can allege ignorance of the law (LSA-Civil Code Article 7). The Louisiana codal articles with reference to fraud have to do with conventional obligations, and not tortious conduct. Nevertheless, it is interesting to note the manner in which knowledge of rights under the prescriptive laws is treated in our Civil Code. Article 1846(5) states:
“ ‘A promise or contract, that destroys a prescriptive right, shall not be voided by an allegation that the party was ignorant or in an error with regard to the law of prescription.’
“There is no allegation in the petition that the adjuster who made the representation concerning the two-year prescriptive period was anything but a layman. Even if he were a lawyer, it is alleged that he was the employee or agent of defendants. The defendants and the plaintiffs were adversaries. There is no relationship alleged from which we can find the existence of a duty on the part of the adjuster to advise the plaintiffs correctly on the Louisiana law of prescription.”
Now let us examine the facts alleged in the present case in the light of the law expressed in the above cases. The allegations can be summarized in three categories. First, that plaintiff is illiterate and physically and mentally infirm and that the defendant’s adjuster took advantage of these infirmities and induced plaintiff to settle for an “outrageously low figure.” Clearly, prescription was not suspended because of such infirmities. The Ayres case, supra, expressly rejected such a contention. Furthermore, the amount of the settlement is immaterial to the running of prescription.
Second, plaintiff alleges the adjuster represented to him that the minor’s claim was legally compromised, knowing the settlement was not legal since it was not approved by the court in compliance with LSA-C.C.P. Article 4501. See LaPorte v. Clesi, 197 So.2d 419 (La.App. 4th Cir. 1967). Defendant concedes the settlement was not approved by the court and is therefore of no legal effect. Our answer to this argument is that ignorance of the law is no excuse. Green v. Grain Dealers Mutual Insurance Company, supra. Plaintiff cannot urge the doctrine of “contra non valentem” on the grounds that the adjuster’s misstatement of law lulled him into inactivity in the investigation and pursuit of his rights.
Plaintiff’s third general allegation is that the adjuster’s misrepresentation of law caused him to delay suit for over one year. The answer to this is the same as above. Ignorance of law is no excuse. Furthermore, plaintiff had several months after the compromise agreement to file suit.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.