MILLER, Judge
(dissenting).
Plaintiff alleged fraudulent conduct on the part of defendant. The trial court denied plaintiff’s right to take evidence on the exception of prescription. Plaintiffs *843 are at least entitled to introduce evidence to attempt to prove that the doctrine of contra non valentem applies.
Plaintiff’s allegations are sufficient to require evidence to allow plaintiff to prove (if he can) that the adjuster fraudulently and intentionally lulled Gaspard into believing that he had settled the minor’s claim when actually it was not settled because not court approved as required by LSA-C.C.P. Art. 4501.
Additionally, plaintiff alleged that defendant committed a wrongful act by inducing Gaspard to settle his minor daughter’s claim without seeking court approval. Prescription on this claim would not accrue until one year from the day Liberty’s adjuster induced Gaspard to unlawfully compromise his daughter’s claim.
I would not follow Green v. Grain Dealers Mutual Insurance Company, 144 So.2d 685 (La.App. 4 Cir. 1962), if it holds that the doctrine of contra non valentem does not apply where an insurance company adjuster affirmatively misrepresents the law to settle a claim or to prevent a claimant from filing suit.
To approve such conduct by adjusters effectively denies rights to that portion of our population not ordinarily represented by counsel. It is difficult to suggest a situation where allegedly “fraudulent” misrepresentations might be more damaging that the one we have before us.
LSA-C.C.P. Art. 4501 was enacted to prevent minor’s settlements without court approval. By refusing to observe this law, Liberty allegedly obtained an advantage. We should not approve such conduct.
I respectfully dissent.
Rehearing denied.
MILLER, J., votes for rehearing.