302 So.2d 392 (1974)
Hampton ISRAEL, Plaintiff-Appellant,
v.
Don V. SMITH et al., Defendants-Appellees.
No. 4657.
Court of Appeal of Louisiana, Third Circuit.
September 11, 1974.
Rehearing Denied September 11, 1974.
On Rehearing October 31, 1974.
Writ Refused November 22, 1974.
Tate & Tate, by Donald J. Tate, Manou, for plaintiff-appellant.
Dubuisson, Brinkhaus, Guglielmo & Dauzat by Edward B. Dubuisson and James T. Guglielmo, Opelousas, Walter M. Hunter, Jr., Alexandria, DeVillier, Ardoin & Morrow by J. Michael Morrow, Eunice, for defendants-appellees.
Before FRUGÉ, CULPEPPER and WATSON, JJ.
Rehearing Denied Plaintiff-Appellant September 11, 1974.
WATSON, Judge.
This suit was instituted by Berthaline Fontenot, identified as "wife and duly appointed provisional curatrix of Hampton Israel," for damages to Israel alleged to have resulted from the negligence of Don V. Smith and Rufus Miller.
The trial court sustained an exception of prescription of one year[1] filed on behalf of the defendant, Rufus Miller, on the basis that the alleged accident occurred on May 11, 1971, and the suit was not filed until September 10, 1973.
As to the other defendant, Don V. Smith, there is no indication in the record that he was ever served or that he appeared in the proceedings.
Only the petition, the exception and the answer of Rufus Miller appear in the record, along with a short memorandum by the trial judge as to the sustaining of the exception.
For simplicity we refer to Israel as plaintiff, although he is represented by his wife.
The only issue on appeal is the contention by the plaintiff that his suit is not prescribed by reason of the doctrine of contra non valentum agere nulla currit praescriptio, which means "no prescription *393 runs against a person unable to bring an action." Black's Law Dictionary, Rev. 4th Ed., West, p. 393.
The only information in the record pertaining to plaintiff's theory is paragraph 4 of the petition which reads as follows:
"This suit is not prescribed because Hampton Israel has been mentally incompetent and emmontionaly [sic] ill as a direct result of defendant's negligence, who is estopped from pleading (liberative prescription)."
We have been cited to no statutory or jurisprudential authority which supports the theory that if a defendant negligently caused a mental incompetence on the part of a plaintiff (or plaintiff's interdict or decedent) then prescription is interrupted.
On the contrary our study indicates that the doctrine of contra non valentum has been given very limited application in Louisiana. Cartwright v. Chrysler Corporation, 255 La. 598, 232 So.2d 285 (1970). In cases involving mental incapacity; whether feeble mindedness (Perrodin v. Clement, 254 So.2d 704, La.App. 3 Cir. 1971, writ denied 260 La. 604, 256 So.2d 642, 1972); irrationality (Gaspard v. Liberty Mutual Insurance Company, 243 So.2d 839, La.App. 3 Cir. 1971, writ denied 258 La. 357, 246 So.2d 680); or institutionalization (Buvens v. Buvens, 286 So.2d 144, La.App. 3 Cir. 1973), there is no interruption of prescription until there is legal interdiction, that is, a formal placing of the person under interdiction.
The jurisprudence requiring interdiction accords with Civil Code articles 3522 and 3554 which provide:
Art. 3522. Minors and interdicts
Art. 3522. Minors and persons under interdiction can not be prescribed against, except in the cases provided by law.
Art. 3554. Suspension of liberative prescription as to minors and interdicts; exceptions
Art. 3554. Prescription does not run against minors and persons under interdiction, except in the cases specified by law.
In the present case the record does not reflect the interdiction of Hampton Israel. According to the briefs, however, it appears undisputed that he was interdicted September 28, 1973, two days after suit was filed on September 26, 1973.
The doctrine of contra non valentum does not apply and the trial judge correctly sustained the plea of prescription.
Affirmed.

ON REHEARING
WATSON, Judge.
On application for rehearing by Don V. Smith, our attention was directed to the fact that an answer and an exception of prescription were filed in the trial court on behalf of Smith, although these pleadings did not appear in the record on appeal. Therefore, our statement in the original opinion that there was no indication in the record that Smith was ever served or that he appeared in these proceedings was correct, as far as the record filed in this court reflected. We failed to note that Smith's counsel filed an excellent brief on appeal and also appeared for purposes of oral argument.
All parties have now stipulated that the copies of the answer and the exception of prescription filed by Smith and attached to the stipulation may be received in the record. LSA-C.C.P. art. 2132. It is ordered that the stipulation and the attached copies be filed in these proceedings.
For reasons expressed in the original opinion, we find that the exception of prescription *394 filed on behalf of Don V. Smith should be sustained and that the trial court correctly dismissed plaintiff's suit as to all defendants.
Costs on appeal are taxed against plaintiff-appellant.
Affirmed.
NOTES
[1] LSA-C.C. art. 3536 provides in part:

Art. 3536. Other actions prescribed by one year
Art. 3536. The following actions are also prescribed by one year:
That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses.