FORET, Judge.
In this case the District Judge has written an excellent opinion which we adopt as our own:
“The exception of prescription arises from a suit contesting the validity of a testament. The plaintiffs are a brother and nephew of the decedent. The defendant is the adopted daughter and universal legatee of said decedent.
“Reviewing the facts of the case, Noemie Romero died in New Iberia on December 29, 1966. Her testament, a nuncupative will by private act, dated July 14, 1966, was admitted for probate on January 10, 1967. On February 1, 1967, Clement Romero, plaintiff in the instant action, filed suit to have said will declared invalid on the grounds that Noemie Romero did not have the mental capacity to con-fect a testament. On October 8, 1967, said Clement Romero moved to dismiss *227 his suit with prejudice. The motion was signed by the district judge on that date. On December 21, 1967, defendant Trahan was placed in possession of decedent’s property, pursuant to a judgment of possession.
“The plaintiffs in the present action filed suit on April 27, 1976, based on a statement by one of the attesting witnesses to the will in question. The witness stated that the testatrix lacked proper mental capacity to confect a will. The defendant filed exceptions of prescription, res judi-cata and no right of action.
“The exception of prescription is based on Civil Code Article 3542, which in pertinent part reads:
‘The following actions are prescribed by five years: That for the nullity or reeision of contracts, testaments or other acts.’
“The testament in question was admitted for probate on January 10, 1967. The instant suit was filed on April 27, 1976, a period of more than nine years from probate of the will. Prescription on an action to annul a testament begins to run on the date the will was probated. Perrodin v. Clement [La.App.], (254 So.2d 704).[1] Prescription normally would be interrupted by the filing of a suit, L.S.A. C.C. Art. 3518, but the plaintiff’s motion to dismiss his suit of February, 1967, had the effect of treating the interruption as having never happened. L.S.A. C.C. Art. 3519. Therefore, prescription began to run as of the date of probate of said will. “ ‘Prescription runs against all persons unless they are included in some exception established by law.’ L.S.A. C.C. 3521. The plaintiffs urge that they are excepted from prescription on the theory of ‘contra non valentem agere non currit praescriptio.’ In support of their contention, the plaintiffs relied on the holding of Cox v. Lea’s Heirs [110 La. 1030] (35 So. 275), where the appellate court overruled the exception of prescription and remanded the matter to the district court to determine Mrs. Lea’s mental condition at the time of making the alleged testament. The Court finds thé facts of the instant case distinguishable from those in Cox, supra. The testatrix in Cox was unconscious and speechless, unable to even affix her mark with the aid of the notary. In considering those facts and allegations, the Court found that there, in fact, had never been a will, and that fraud and forgery were resorted to. In the instant case, the plaintiffs’ allegations are that there was a will and that the testatrix did affix her mark. The plaintiffs have also alleged that medical testimony confirmed that testatrix had lucid intervals in which she had sufficient mental capacity to confect a will.
“Plaintiffs contend that the information as to the decedent’s mental capacity was withheld from them. This is not the case. The newly discovered evidence is the alleged testimony of a subscribing witness to the testament and the probate of said testament. It is evident that the recanting witness has only now come forth because a prior will has been found which names the witness as a legatee.
“In the case of Cox v. Von Ahlefeldt, [105 La. 543], (30 So. 175) it was said that those who claim exemption from prescription by reason of ignorance resulting from fraud must allege and show that such ignorance was neither willful nor negligent. There must be reasonable diligence on the part of plaintiff and the means of knowledge are the same in effect as knowledge itself. Jackson v. Zito, [La.App.], (314 So.2d 401).[2]
“The subscribing witness was available for plaintiff to question about the authenticity of the testament at the time of probate and at all times within the subsequent five years. That plaintiff has failed to secure her testimony prior to this time, is indicative of his want of diligence in obtaining knowledge concern *228 ing the confection of the testament in question.
“For the above and foregoing reasons, it is the order of this Court that the exception of prescription is hereby sustained, dismissing plaintiffs’ suit. All costs of these proceedings to be borne by plaintiffs.”
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against plaintiffs-appellants.
AFFIRMED.

. Writ refused 260 La. 604, 256 So.2d 642.

. See also Israel v. Smith, 302 So.2d 392 (La.App. 3 Cir. 1974); writ refused La., 303 So.2d 183.