354 So.2d 633 (1977)
William Henry BROWN, Jr.
v.
STATE of Louisiana, Through the DEPARTMENT OF CORRECTION.
No. 11682.
Court of Appeal of Louisiana, First Circuit.
December 28, 1977.
Rehearing Denied February 13, 1978.
*634 Stephen C. Sledge, Hammond, of counsel for plaintiff-appellee William H. Brown, Jr.
J. Marvin Montgomery, Asst. Atty. Gen., Baton Rouge, of counsel for defendant-appellant State of La., through the Dept. of Corrections.
Before LOTTINGER, EDWARDS and PONDER, JJ.
LOTTINGER, Judge.
This is an action ex delicto based on injuries suffered by plaintiff, William Henry Brown, while incarcerated at Angola State Penitentiary. The Trial Judge in his oral reasons for judgment found the defendant, State of Louisiana, through the Department of Corrections (Department), negligent and awarded the plaintiff $75,000.00. From this judgment defendant has appealed.
The facts as developed by the record are that the plaintiff entered Louisiana State Penitentiary at Angola on October 7, 1971. Mr. Brown had previously been incarcerated in Illinois where a serious acidic stomach condition was diagnosed, and he was placed on a bland diet. During his stay at Angola, Mr. Brown was repeatedly examined by numerous physicians who also prescribed a bland diet as part of his medical treatment. The Department failed to provide the plaintiff with a bland diet. Plaintiff's condition deteriorated to such an extent that on August 21, 1973, 70% of his stomach was surgically removed. Plaintiff filed suit on August 21, 1974.
Defendant-appellant assigns three specifications of error (1) the negligence of the defendant in failing to provide a bland diet and its causal relationship to the injuries suffered, (2) prescription, and (3) quantum.

*635 ERROR NO. 1
This Court can find no error in the Trial Judge's finding that the defendant was negligent. First, the defendant has a duty to provide the plaintiff with adequate medical treatment. LSA-R.S. 15:831, Moreau v. State, Department of Corrections, 333 So.2d 281 (La.App. 1st Cir. 1976). Secondly, the defendant admits that the treatment prescribed, a bland diet, was not given to the plaintiff, therefore there being an obvious breach of duty. Finally, appellant questions whether this breach is a cause-in-fact of the plaintiff's injuries. Whether plaintiff's smoking or the tension of living in a prison were causes of his condition is of no consequence when the record clearly indicates that the absence of a bland diet caused the plaintiff to experience severe pain and develop three ulcers. There is in fact a causal relationship between the duty, the breach of duty, and the damages suffered by the plaintiff in this fact situation.

ERROR NO. 2
Under LSA-C.C. arts. 3536 and 3537, plaintiff's suit must be filed within one year from the damages resulting from the tortious conduct of the defendant. Plaintiff-appellee argues that his cause of action is not barred by prescription because (1) based on the doctrine of contra non valentem agere nulla currit praescriptio (no prescription runs against a person unable to bring an action), the plaintiff was unable to bring the action until the removal of 70% of his stomach and (2) the doctrine of constructive notice is not applicable because the plaintiff being a prisoner was unable to obtain independent medical advice.
This Court in Aegis Insurance Co. v. Delta Fire & Casualty Co., 99 So.2d 767 (La.App. 1st Cir. 1957) reviewed the Louisiana Jurisprudence of the doctrine of contra non valentem, and found that prescription commences to run from the time the cause of action is discovered after the exercise of due diligence. This doctrine is applicable when the plaintiff establishes that: (1) the cause of action has not manifested itself with sufficient certainty to be susceptible of proof in a court of justice, or (2) the defendant concealed information or mislead and lulled the plaintiff into inaction. See also Dean v. Hercules, Inc., 328 So.2d 69 (La.1976), Steel v. Aetna Life & Casualty, 304 So.2d 861 (La.App. 3rd Cir. 1974), writ denied, 315 So.2d 144 (La.1975).
The damages claimed by plaintiff in his petition in addition to the removal to the major portion of his stomach, and the resulting disability therefrom, include many months of pain and suffering prior to surgery, his forced ingestion of large quantities of Maalox and permanent damage to his back as a result of a chemical imbalance resulting from the heavy consumption of milk and Maalox.
Though plaintiff was long aware of the cause of his pain and suffering and the inability of obtaining a bland diet, we pretermit any discussion of the exception of prescription being applicable to those damages other than the removal of the stomach and its resulting disability inasmuch as the Trial Judge in his oral reasons for judgment only awarded damages for the removal of the stomach and the resulting disability.
The problem with maintaining the exception of prescription in this factual situation is that the defendant, who bears the burden of proof, failed to establish that the plaintiff knew or had constructive knowledge prior to a year from filing of his suit that he would sustain the loss of part of his stomach. Since the record fails to establish when the plaintiff had knowledge, actual or constructive that he would sustain the loss of his stomach, we find no error on the part of the Trial Judge in denying the exception of prescription.

ERROR NO. 3
The Trial Judge awarded $75,000.00 for the surgical removal of 70% of plaintiff's stomach. In making the award the Trial Judge said:
"Now, my own life experiences tell me that people can live with their stomachs partly taken out; all they have to do is *636 make adjustments, but that's worth money to have to make them.
"The physiologist said they've got to eat about six times a day and they not only have to regulate what they eat but how much they eat. I think it's a problem to go through life with about a third of your stomach. I'm going to award him $75,000.00."
Since the award of damages is within the sound discretion of the Trial Judge, we find no abuse of that discretion.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is affirmed. Defendant-appellant to pay all costs allowed by law.
AFFIRMED.
PONDER, J., dissents and assigns reasons.
PONDER, Judge, dissenting.
Plaintiff had a preexisting ulcer condition and had been told he had to have a bland diet. After confinement at Angola, he often complained of stomach pains and was examined by doctors who confirmed his need of a bland diet. He told the prison authorities of his need, but received the reply that the prison had no facilities for bland diets. Ultimately, seventy per cent of plaintiff's stomach was removed. Exactly one year later he filed suit.
I believe prescription had accrued. Plaintiff must have knowledge, actual or constructive, of the negligence and injury for prescription[1] to begin accruing.[2] Plaintiff knew of this breach of duty, and of the injury to him long before the surgery occurred.
It is not clear when plaintiff was advised that surgical removal was needed and would be done, but it is logical that it occurred sometime before the operation. Even under the best assumption for plaintiff, that is, the prescriptive period begins when the fullest or most serious result becomes apparent, prescription had occurred before the suit was filed.
Plaintiff's argument that he had no knowledge of the damage until he had the operation is factually and legally unavailing. The only thing he did not know was the complete extent of the damage; he had previously known of the failure to give him bland food and of his stomach pains. To allow him to carve out of all the consequences the one fact, the operation, itself really an effort surgically to remedy the damage, and to assert that the prescriptive period begins then is to allow the splitting of a cause of action as different extents of damage become apparent.
I dissent.
NOTES
[1] LSA-C.C. Art. 3537.
[2] Perrin v. Rodriguez, La.App., 153 So. 555 (4th Cir., 1934); Lucas v. Commercial Union Insurance Co., La.App., 198 So.2d 560 (1st Cir., 1967); Cartwright v. Chrysler Corp., 255 La. 598, 232 So.2d 285 (1970).