366 So.2d 964 (1978)
James CORSEY
v.
The STATE of Louisiana, Through the DEPARTMENT OF CORRECTIONS et al.
No. 12247.
Court of Appeal of Louisiana, First Circuit.
November 20, 1978.
Rehearing Denied January 16, 1979.
*965 Joseph S. Russo, Jefferson Parish, Jefferson, of counsel for plaintiff-appellant, James Corsey.
J. Marvin Montgomery, Baton Rouge, of counsel for defendant-appellee, State of Louisiana, et al.
Before LANDRY, COVINGTON and PONDER, JJ.
LANDRY, Judge.
Plaintiff (Appellant) appeals from judgment sustaining defendants' (Appellees) exception of prescription and dismissing Appellant's suit in tort for damages for personal injuries allegedly sustained from stab wounds inflicted upon Appellant, an inmate of Angola State Penitentiary, by a fellow inmate, and alleged failure of the institution to afford Appellant adequate medical attention and care following Appellant's injury. We affirm.
Appellant alleges he was stabbed during the course of a basketball game conducted on the prison grounds on June 18, 1972. Following the incident, Appellant was reputedly taken on a stretcher to the prison hospital emergency room where Appellant was treated by an inmate attendant and directed to return to normal activities. The next morning, Appellant allegedly requested leave of his superior to report to sick call but was ordered instead to work in the cotton fields as per Appellant's regular assignment. Within a short time of commencing work, Appellant allegedly collapsed from his wounds and the loss of blood. Appellant was then allegedly taken to the prison hospital where he remained unconscious continuously until taken to the Earl K. Long Hospital, Baton Rouge, on June 22, 1972. Appellant maintains he was hospitalized in the Earl K. Long Hospital until August 19, 1972.
For a cause of action Appellant alleges negligence on the part of prison officials in not preventing the stabbing, allowing his assailant to possess a knife, and failing to take proper measures to supervise inmates. Appellant also alleges he was given inadequate and inefficient medical care and treatment by prison hospital employees and doctors at the time of the stabbing and on his return from the Earl K. Long Hospital. In addition to the Department, Appellant names as defendants the prison warden, the prison hospital supervisor, the prison doctor who allegedly attended Appellant, the inmate hospital attendant who initially treated Appellant, and the guard or employee who forced Appellant to work the day following the stabbing.
*966 Two basic issues are presented: (1) Whether Appellant's action is prescribed for failure to institute suit within one year of the stabbing; and (2) Whether prescription, having run, was waived by Appellees.
A clear understanding of the issues requires narration of the following operative facts: on March 27, 1974, a suit entitled Walter H. Brown v. State of Louisiana (No. 74-833) was filed in the Federal District Court, Eastern District of Louisiana, which action attempted a class action on behalf of all Angola inmates. The nature of this action, as respected the various plaintiffs therein, is not shown in the record before us. By supplemental and amending petition, Appellant joined in said action on June 25, 1974. In November, 1975, the Brown suit was dismissed voluntarily by plaintiffs therein, Appellant included. Said dismissal was based in part on the following stipulation:
"That said plaintiffs may refile their actions individually either in the state or federal court, and the statute of limitations shall be tolled for that purpose."
Pursuant to the aforesaid stipulation, Appellant filed an individual suit in Federal District Court, Middle District of Louisiana, on November 20, 1975, seeking damages for his alleged injuries. On November 26, 1976, Appellant filed this present action. Later, on December 6, 1976, Appellant dismissed his individual Federal Court action.
Appellant contends prescription was suspended because, from the time of injury until he regained complete control of his faculties in July, 1973, he was either unconscious or so physically incapacitated that he could not hear, speak or write; that he was paralyzed from the waist down; and that he was unaware of his surroundings. It is contended further that this condition continued during this period due to Appellees' failure to accord Appellant adequate medical attention and treatment.
In urging suspension of prescription, Appellant relies upon the doctrine of contra non valentum agere nulla currit praescriptio which holds that prescription does not run against a person unable to bring an action. In this regard, Appellant relies heavily upon the fact that since his alleged injury, he has been in confinement under the supervision and control of the Department of Corrections, whose negligence assertedly amounts to gross fault and is the cause of his subsequent inability to bring his action.
In Israel v. Smith, 302 So.2d 392 (La.App. 3d Cir. 1974), it is recognized that there is neither statutory nor jurisprudential authority to support the rule that prescription on a claim is interrupted if a defendant negligently causes a plaintiff's mental incapacity.
The doctrine of contra non valentum has been given limited application in this state. Cartwright v. Chrysler Corporation, 255 La. 598, 232 So.2d 285 (1970).
Our jurisprudence also holds that the doctrine in question is inapplicable to mental incapacity resulting from feeblemindedness. Perrodin v. Clement, 254 So.2d 704 (La.App. 3rd Cir. 1971). Neither does it apply to an irrational plaintiff. Gaspard v. Liberty Mutual Insurance Company, 243 So.2d 839 (La.App. 3rd Cir. 1971). More pertinently, our courts have held that institutionalization does not suspend the running of prescription until the institutionalized party has been formally interdicted. Buvens v. Buvens, 286 So.2d 144 (La.App. 3rd Cir. 1973). See also Vance v. Ellerbe, 150 La. 388, 97 So. 735 (1922).
Our jurisprudence does recognize two instances when the doctrine urged by Appellant may be utilized to suspend the running of prescription. These are when the cause of action has not manifested itself with sufficient certainty to be susceptible of proof in a court of justice, and when defendant has concealed information or deceptively lulled plaintiff into inaction. McClendon v. State, Through Department of Corrections, 357 So.2d 1218 (La.App. 1st Cir. 1978); Brown v. State, Through Department of Corrections, 354 So.2d 633 (La. App. 1st Cir. 1977); Dagenhart v. Robertson Truck Lines, Inc., 230 So.2d 916 (La. App. 1st Cir. 1970).
*967 Appellant's action, being one in tort, must be instituted within one year of the commission of the offense unless prescription has been suspended or interrupted. LSA-C.C. Article 3536.
Since no action was instituted by Appellant within one year of June 18, 1972, his cause of action has prescribed on its face. Article 3536, above.
When an action is prescribed on its face and plaintiff relies upon an interruption or suspension of prescription, plaintiff bears the burden of establishing the alleged interruption or suspension. Hunter v. Sisters of Charity of Incarnate Word, 236 So.2d 565 (La.App. 1st Cir. 1970) and authorities cited therein.
Apparently the plea of prescription filed herein was tried on the face of the pleadings. The record is barren of proof of any of the allegations made by Appellant. Appellant did not testify either in person or by deposition. Neither did he offer any prison or hospital records or the testimony or deposition of any other witness to prove even a single allegation. Interrogatories propounded by Appellant resulted in answers filed by defendants to the effect that there is no prison hospital record of Appellant having received medical treatment at the prison hospital. We do find of record an affidavit by an acquaintance of Appellant in support of Appellant's motion to be allowed to sue in forma pauperis. This affidavit states simply that Appellant is an inmate of the state penitentiary.
Based on the foregoing affidavit, we conclude that Appellant is an inmate of the penitentiary at all times pertinent herein. This fact alone, however, is insufficient to interrupt or suspend the running of prescription on Appellant's claim. Buvens v. Buvens, above. Assuming, solely for argument's sake, that Appellant's joinder in the federal class action on June 25, 1974, constitutes bringing an action on his claim, said action was instituted more than one year subsequent to June 18, 1972, and was therefore untimely. It follows that Appellant's action has prescribed.
LSA-C.C. Article 3460 provides that a litigant may not renounce a prescription before it has run, but that prescription may be renounced once it has run.
LSA-C.C. Article 3461 states that:
"Such renunciation of prescription is either express or tacit.
A tacit renunciation results from a fact which gives a presumption of relinquishment of the right acquired by prescription."
Relying upon Foster v. Breaux, 263 La. 1112, 270 So.2d 526 (1972), Appellant argues that defendants' failure to plead prescription in the federal court suit, together with the stipulation entered into therein, constitutes a tacit waiver by defendants of prescription which had accrued, in the event this court determines that prescription had in fact run. We disagree with this premise.
It is well settled jurisprudence that a renunciation of accrued prescription takes place only when intent to renounce is manifest from either the words or actions of the party in whose favor prescription has run. Moreover, such an acknowledgment must be clear, direct and absolute. Torrey v. Simon-Torrey, Inc., 284 So.2d 130 (La.App. 3rd 1973); Succession of Brower v. State, 80 So.2d 217 (La.App. 2d Cir. 1955); H. J. Cottam & Co. v. Raphael, 198 So. 513 (La. App. 1st Cir. 1940).
Considering the nature of the Brown action in which the stipulation was made, the language of the stipulation does not evince a clear, direct and absolute intent to renounce acquired prescription as to the claims of all parties plaintiff therein. On the contrary, we are of the view that defendant entered into the stipulation to mitigate, as far as plaintiffs in the Brown suit were concerned, the effect of LSA-C.C. Article 3519, which provides that the interruption of prescription resulting from filing an action, as provided for by LSA-C.C. Article 3518, does not apply when plaintiff voluntarily abandons his action, because in the event of such abandonment the interruption is considered as having never happened. See Franklin v. Insurance Company of *968 North America, 284 So.2d 158 (La.App. 3rd Cir. 1973).
The details of the Brown action in the Federal Court are not of record herein. It is stated that the action was a class action. Presumably, numerous plaintiffs asserted actions therein which may or may not have prescribed before they were pursued in that action. With respect to those plaintiffs whose actions had not prescribed, the stipulation in question was necessary because the interruption of prescription by filing that suit would have been nullified by the voluntary dismissal of that action. Thus, plaintiffs who may have timely joined in said action would have lost their cause of action if the stipulation had not been made by defendants and if the prescriptive period on their claims would have expired between the time they joined in the action and the time that the action was voluntarily dismissed. We believe defendants intended the stipulation to mean that any suspension or interruption resulting from the filing of the Federal Action would be honored and recognized by defendants in a subsequent action, LSA-C.C. Article 3519 notwithstanding. We see nothing to indicate that defendants intended to renounce the benefit of any prescription which accrued in their favor.
Failure of defendants to urge a plea of prescription in their federal suit does not influence or affect our determination that no renunciation of prescription was intended herein. A plea of prescription may be filed at any stage of a proceeding, even on appeal. Gulotta v. Cutshaw, 283 So.2d 482 (La.1973); Moreau v. Falgout, 304 So.2d 429 (La.App. 1st Cir. 1974).
Without citation of authority, Appellant contends that failure to plead prescription in a federal action constitutes a waiver of such a defense in a subsequent state action. We find this position without merit and decline to so hold.
Our review of Foster v. Breaux, supra, does not disclose, as contended by Appellant, that the holding therein is dispositive of the issue of renunciation. Foster involved a suit for slander, which action was filed in a court of improper venue. Service was made on defendant after the prescriptive period of one year had expired. Defendant filed an exception to the venue after a preliminary default had been entered. On appeal, the matter was remanded to the trial court and defendant entered a plea of prescription. The Supreme Court held in Foster, above, that prescription had not run because, under the circumstances, prescription had been interrupted by the filing of a suit, even though the venue was not proper. In effect the court held that mere filing of a suit in an improper venue will interrupt prescription where venue is waived and the venue becomes proper before a plea of prescription is entered. As we understand Foster, above, it did not hold that prescription in such instances is waived but rather that prescription is interrupted and has not run. We are of the view that Foster, above, should be limited to its peculiar facts which do not pertain herein.
The judgment of the trial court is affirmed at Appellant's cost.
Affirmed.