Judgment rendered September 22, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,120-WCA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

BETTIE REESE                                   Plaintiff-Appellee

versus

SEDGWICK CLAIMS                                Defendants-Appellants
MANAGEMENT SERVICES, INC.,
AND WALGREENS DRUGSTORE

* * * * *

Appealed from the
Office of Workers' Compensation, District 1-East
Parish of Ouachita, Louisiana
Trial Court No. 17-07111

Honorable Brenza Irving Jones,
Administrative Hearing Officer

* * * * *

HURLBURT, MONROE & ERNEST          Counsel for Appellant,
By: Matthew Fontenot                Walgreen Company

PARHMS LAW FIRM, L.L.C.             Counsel for Appellee,
By: Carlton L. Parhms               Bettie Reese

* * * * *

Before MOORE, STEPHENS, and ROBINSON, JJ.

**STEPHENS, J.**

Defendant, Walgreen Company, appeals a judgment from the Office of Workers' Compensation, District 1-E, Parish of Ouachita, State of Louisiana, in favor of claimant, Bettie Reese, awarding temporary total disability benefits, penalties, and attorney fees. For the following the reasons, that judgment is reversed.

## FACTS AND PROCEDURAL HISTORY

This matter arises from injuries sustained by Bettie Reese on July 15, 2014, when a 50-pound box fell and struck her on the head and neck while she was working at a Walgreen Company ("Walgreens") store in Dallas, Texas. Reese was initially hired in 2010 to work at a Walgreens store in West Monroe, Louisiana, but in 2012 sought a transfer to Dallas to be near family. She did not sign a new employment contract upon her transfer to the Texas store, where she worked exclusively until her accident. Following the accident, Walgreens submitted a first report of injury form to Texas Department of Insurance, Division of Workers' Compensation ("DWC"). Reese's claim was processed by Sedgwick Claims Management Services, Inc. ("Sedgwick"), the third-party administrator for Walgreens and additional defendant herein. Some indemnity and medical benefits were paid to Reese, with the last payment having been made on October 27, 2015.

A benefit review conference was held on June 6, 2016, for the mediation of disputed issues, but the parties were unable to reach an agreement. Thereafter, the matter proceeded to a hearing on September 6, 2016. Reese was represented by counsel during both the benefit review conference and hearing. Noting the stipulations reached by the parties, including that Texas was the proper venue for Reese's claim, the DWC

hearing officer made the following findings: Reese's shoulder injury was not a compensable injury caused by the subject accident; she reached maximum medical improvement on July 10, 2015; her impairment rating was 5%; and, she had disability from November 7, 2014, through February 11, 2015, as a result of the injury on July 15, 2014. The hearing officer ordered the carrier to pay benefits in accordance with the decision and that "accrued but unpaid income benefits, if any, shall be paid in a lump sum together with interest as provided by law." Reese, through counsel, filed a request for review, in response to which the appeal panel affirmed the ruling of the hearing officer. Reese then filed, without counsel, a petition against American Zurich Insurance Company, Walgreens' workers' compensation carrier, in the Denton County Judicial District Court, seeking review of DWC's ruling. Zurich moved for summary judgment, which the trial court granted on September 14, 2017.

On November 3, 2017, Reese filed a Form 1008, Disputed Claim for Compensation ("1008"), with the Louisiana Office of Workers' Compensation in which she alleged "no wage benefits have been paid," "no medical treatment has been authorized," and requested penalties, attorney fees, and judicial interest. She subsequently filed an amended disputed claim for compensation, adding a request for a determination of her disability status. Thereafter, Walgreens filed exceptions of lack of jurisdiction, res judicata, prematurity, and prescription, which were denied by the workers' compensation judge ("WCJ") on October 1, 2018.[1]

---

[1] Walgreens filed a writ application seeking review of the WCJ's denial of its exceptions. On December 6, 2018, this court denied the writ, stating in part, "On the showing made, exercise of this Court's supervisory jurisdiction is not warranted. *Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc.*, 396 So. 2d 878 (La. 1981). Applicant will have an adequate remedy on appeal." Walgreens thereafter filed a writ of

The matter proceeded to trial on May 30, 2019, during which Walgreens re-urged the arguments contained in its previously denied exceptions. On December 30, 2019, the WCJ rendered judgment, holding OWC had jurisdiction to hear the matter pursuant to La. R.S. 23:1035.1, and Reese was entitled to temporary total disability ("TTD") benefits in the weekly amount of $195.76 per week, based on an average weekly wage ("AWW") of $293.64, beginning November 3, 2017, and continuing until she is released to work by her treating physicians. The judgment further awarded Reese penalties of $2,000 for defendant's continued reliance upon a decision by a Texas court in denying benefits and $2,000 for failure to approve an evaluation with a shoulder specialist and a neurologist as recommended, as well as $15,000 in attorney fees. This appeal by Walgreens ensued.

## DISCUSSION

On appeal, Walgreens asserts six assignments of error challenging the WCJ's rulings on jurisdiction, res judicata, prematurity, and prescription; calculation of the average weekly wage; and, failure to find Reese committed fraud in violation of La. R.S. 23:1208. We first address Walgreens' fourth assignment of error in which it asserts the WCJ erred in finding the doctrine of *contra non valentem* applied and that the claimant's 1008, therefore, had not prescribed.

Louisiana R.S. 23:1035.1(1) governs the extension of Louisiana benefits to an employee injured while working outside Louisiana and provides in pertinent part:

certiorari with the Louisiana Supreme Court, seeking review of this court's ruling, which was likewise denied.

3

(1) If an employee, while working outside the territorial limits of this state, suffers an injury on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by this Chapter had such injury occurred within this state, such employee, or in the event of his death resulting from such injury, his dependents, shall be entitled to the benefits provided by this Chapter, provided that at the time of such injury

(a) his employment is principally localized in this state, or

(b) he is working under a contract of hire made in this state.

(2) The payment or award of benefits under the workers' compensation law of another state, territory, province, or foreign nation to an employee or his dependents otherwise entitled on account of such injury or death to the benefits of this Chapter shall not be a bar to a claim for benefits under this act; provided that claim under this act is filed within the time limits set forth in R.S. 23:1209[.]

Louisiana R.S. 23:1209(A) sets forth the time limits for filing a claim under the Workers' Compensation Act ("WCA"), and provides in pertinent part:

A. (1) In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter.

(2) Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4).

A claimant may survive a plea of prescription by showing that his petition is timely under any of the provisions of La. R.S. 23:1209. When a workers' compensation claim has prescribed on its face, the claimant has the burden of establishing that prescription has been interrupted or suspended in

4

some manner. *Jonise v. Bologna Bros,,* 2001-3230 (La. 6/21/02), 820 So. 2d 460. As with any prescriptive period, prescription on workers' compensation claims may be interrupted or suspended. *Millican v. General Motors Corp.*, 34,207 (La. App. 2 Cir. 11/1/00), 771 So. 2d 234, *writ denied*, 2001-0001 (La. 3/23/01), 788 So. 2d 426. Although the claimant bears the burden of showing that prescription has been interrupted or suspended, these requirements are interpreted liberally in favor of maintaining rather than barring the action. *Id.*

In workers' compensation cases, the Louisiana Supreme Court has applied the doctrine of *contra non valentem* (prescription does not run against a person who could not bring suit) to suspend prescription in certain situations based on conduct of the employer or employer's representative which effectually prevents the employee from filing his claim. *Causby v. Perque Floor Covering*, 1997-1235 (La. 1/21/98), 707 So. 2d 23.

Even if a claimant is unable to fit his claim within the parameters of La. R.S. 23:1209, he may still be able to avoid prescription if he can establish that his case falls under one of the refinements or exceptions developed in the jurisprudence. 14 H. Alston Johnson, *La. Civil Law Treatise: Workers' Comp. Law & Practice,* § 384 (5th ed. 2010). One of the jurisprudential exceptions is estoppel, on the basis that the employee was "lulled into a false sense of security" by the employer/insurer and thus induced to forgo the filing of his claim until the prescriptive period had expired. *Millican*, *supra*. To invoke this estoppel exception, the claimant is required to establish the employer's words, action, or inaction induced him to withhold suit until the prescriptive period has elapsed. *Rambin v. Shreveport Refrigeration, Inc.,* 39,592 (La. App. 2 Cir. 5/04/05), 902 So. 2d

1129. The claimant is not required to establish the employer intentionally misled him as to the nature of the benefits being paid or as to the time period available for asserting a claim. *Id.* When the claimant meets his burden to establish the estoppel exception applies, prescription is suspended or, more accurately, the employer or insurer is simply estopped to raise it as a defense. Alston Johnson, *supra.*

Walgreens contends that as the accident occurred on July 15, 2014, its last indemnity payment to Reese was issued on October 27, 2015, and Reese filed her 1008 on November 3, 2017, Reese's 1008 clearly surpassed the applicable timeframe for filing a claim set forth in the WCA; thus, her claim has prescribed on its face.

Reese, on the other hand, asserts prescription was interrupted based on the doctrine of *contra non valentem.* She claims Sedgwick adjusters should have known that, as a Louisiana resident who was initially hired and employed by Walgreens in Louisiana, Reese had the right to pursue her claim in Louisiana; instead, they intentionally misled her into believing she was entitled to benefits only in Texas. Reese relies on the following facts in support of the apparent validity of her claim in Louisiana and Walgreens' erroneous failure to inform her of such.

After beginning her employment at the Walgreens store in Texas, Reese maintained her home and residency in Monroe and would travel back there on weekends. She never obtained a Texas driver's license, registered to vote, or owned any property in Texas. The first report of injury form submitted by Walgreens to DWC shows Reese's address as being in West Monroe, Louisiana. The form also indicated Reese was not hired in Texas. Patty Koopmans was the Sedgwick adjuster initially assigned to Reese's

case who began handling her DWC claim. Reese testified Koopmans informed her that, in order for her claim to be processed through DWC, Reese would be required to provide a Texas address. Debra Jones later took over the case from Koopmans. During her deposition, Jones identified several documents generated by Walgreens that contained Reese's Louisiana address and also documents which had been mailed by Walgreens to Reese at her Louisiana address. However, Jones testified she did not learn that Reese was a Louisiana resident until 2017, and that if she had known Reese was a Louisiana resident, she would have informed her she had an election of benefits, *i.e.*, the option to choose to pursue her claim in Texas or Louisiana. She confirmed there was nothing in Sedgwick's file on Reese indicating she had been presented with that option.

Walgreens argues both the record and jurisprudence show the doctrine of *contra non valentem* is inapplicable in this case. Walgreens first points to Reese's testimony that during the Texas proceedings, she attempted to explain to the presiding officers that she was a Louisiana resident and her claim was in the wrong jurisdiction. Walgreens then notes the WCJ's specific finding that there was no fraud on the part of the Sedgwick adjusters. Finally, Walgreens argues relevant case law supports a finding that the facts and circumstances of this matter fail to establish Reese was lulled into a false sense of security that prevented her from pursing her workers' compensation claim in Louisiana, including *Causby*, *supra*. In *Causby*, the claimant, who had been receiving benefits, failed to timely file his claim after the adjuster informed him he was entitled to no further benefits. The Louisiana Supreme Court held the claimant, rather than being lulled into a false sense of security, was instead put on notice that in order to

7

receive benefits, he needed to hire an attorney and file suit within the established time periods.

Louisiana law indisputably recognizes a workers' compensation claim may have multiple appropriate jurisdictions based on the location of the injury, principal employment, and the contract of hire. La. R.S. 23:1035.1. Furthermore, La. R.S. 23:1035.1 explicitly permits claims for benefits under the WCA even after payments or awards of benefits have been made under the workers' compensation law of another state. However, the WCA does not furnish specialized time limits or guidelines for filing these secondary claims. Instead, La. R.S. 23:1035.1 provides that the same time limits for filing an initial claim under the WCA, as set forth in La. R.S. 23:1209, likewise apply to those claims filed subsequent to the receipt of benefits from another state. In its reliance on La. R.S. 23:1209, La. R.S. 23:1035.1 notably fails to provide any exceptions, caveats, or additional requirements for filing a timely claim.

The WCA's omission of a special prescription provision governing claims made following a previous claim or award from another state cannot be ignored. Clearly the WCA contemplates that multiple jurisdictions could be appropriate for a workers' compensation claim. However, the WCA contains no requirement that claimants be explicitly notified of a right to choose jurisdiction. Furthermore, the WCA allows claimants one year from the date of their injury or one year from the date of the last payment made to file their claims—there is no provision that claims are timely if they are made within one year from the date the claimant was informed of her choice of jurisdiction or if made within one year from the date claims in another jurisdiction are resolved. Accordingly, Reese's November 3, 2017, claim

under the WCA is clearly prescribed on its face because it was filed over one year after both her July 5, 2014, injury and Walgreens' last payment to Reese on October 27, 2015. Therefore, the burden shifted to Reese to establish prescription had been interrupted or suspended in some matter.

Reese argues the following two facts invoke the applicability of estoppel or *contra non valentem*: (1) Koopmans' statement to Reese that she must provide a Texas address to proceed with her claim, and (2) the adjusters' failure to inform Reese she had the option to file her claim in Louisiana. We disagree.

First, we find the Koopmans' statement to Reese falls well short of lulling Reese into a false sense of security sufficient to induce her to withhold suit until the prescriptive period had lapsed. In *Millican*, *supra*, this court found prescription was interrupted where the claimant believed he had filed a formal claim (though he had not) and that belief was fostered and encouraged by the adjuster instructing the claimant to "appeal" her decision denying him benefits. This case is clearly distinguishable from *Millican* because no affirmative statements were made. Koopmans made no promises to Reese that if she used a Texas address and moved forward with her claim through DWC she would assuredly receive benefits thereby extinguishing any inclination Reese might have had to file a claim in Louisiana. Additionally, even if Koopmans incorrectly informed Reese regarding the necessity of using a Texas address to proceed with her claim and receive benefits through DWC, a misstatement of the law by an adjuster does not necessarily estop a defendant from disputing the timeliness of a claim. *See Green v. Grain Dealers Mut. Ins. Co.*, 144 So. 2d 685 (La. App. 4 Cir. 1962) (prescription not suspended where claims adjuster mistakenly told employee

9

that he had two years to file his claim as there is no duty on the part of the adjuster to advise the employee correctly on the Louisiana law of prescription).

Second, while Reese argues Walgreens had ample notice that she had a right to file a claim in Louisiana, we find instead it is Reese who (like the claimant in *Causby*, *supra*) was in fact put on notice. At the outset, we note, as discussed above, there was no statutory affirmative duty on the employer (or insurer or administrator) to inform Reese of her filing options. Furthermore, despite having been injured while working in Texas, as a Louisiana resident who was hired and initially employed in Louisiana, Reese should have known she potentially had a claim in Louisiana and investigated her rights. The record shows Reese was asked during her deposition why she did not pursue a Louisiana Workers' Compensation claim. Significantly, she responded she had met with an attorney in Shreveport, Louisiana, who told her that as long as she was hired in Louisiana, she had a Louisiana claim, but the attorney declined to take her case due to her already pending claim in Texas. However, Reese testified that she never asked anyone at Sedgwick about pursuing a Louisiana claim. Additionally, Reese was in fact represented by counsel during the Texas proceedings. Therefore, the record clearly shows Reese had both the inclination and opportunity to explore her filing options, actually did so, and was informed that she could file a claim in Louisiana. Given the circumstances, Reese's failure to timely file a claim in Louisiana clearly cannot be blamed on any alleged inducement or lulling by defendants.

As her claim has prescribed on its face and she has failed to prove prescription was suspended or that Walgreens should be estopped from

10

raising it as a defense, Reese's claims for payments under the Louisiana WCA are forever barred in accordance with La. R.S. 23:1209. Accordingly, all remaining assignments of error are pretermitted, the WCJ's December 30, 2019, judgment is reversed, and Reese's claim is dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the December 30, 2019, judgment of the Workers' Compensation Judge is reversed. The claims of Bettie Reese against defendants Sedgwick Claims Management Services, Inc., and Walgreen Company are dismissed with prejudice. Costs of this appeal are assessed to Bettie Reese.

REVERSED.

11