## J. & S. MARTIN v. M. G. JENNINGS.

Where plaintiff makes out a clear case of inability to sue by reason of some act or hindrance interposed by the debtor, a plea of prescription set up by the debtor will not be sustained.

APPEAL from the District Court of Caldwell, *Barry*, J. *McGuire & Ray*, for plaintiffs. *Garrett, Hough & Crawford*, for defendant and appellant.

SPOFFORD, J. This case turns upon the plea of prescription; for, admitting the deposition offered on behalf of the defendant which was rejected below, the plea of compensation is not satisfactorily established.

A little more than five years had elapsed from the maturity of the note sued on, when the defendant was cited in the parish of Caldwell.

But the plaintiffs alleged in their petition that since the note was executed the maker absconded from his residence in Tennessee, where the debt was contracted, for the purpose of eluding his creditors and particularly the plaintiffs, and that they had but recently discovered his new domicil.

These allegations are fully borne out by the evidence of several witnesses, and, although put on his guard by the averments of the petition, the defendant has made no effort to disprove them. He has not chosen to disclose how long he has been in the parish of Caldwell, or where he spent the interval between his clandestine removal from Tennessee and his arrival in that parish.

This seems to be a proper case for the application of the equitable rule, " *contra non valentem agere non currit proscriptio.*" The objection that this rule is not to be found in the statute books, does not impair its authority, for it is interwoven with our jurisprudence from the earliest times. It is impossible to compress every principle of law into a code. Le législateur n'a pas entendu rapetisser la mission du jurisconsulte à un horizon si borné. 2 Troplong, de la Prescription, No. 701.

The departure of the debtor to a foreign country does not alone exhaust the power of his creditors to sue, and is not the only way in which that object can be effected. It is true a clear case of inability to sue by reason of some act or hindrance interposed by the debtor should be made out, before the creditor can invoke the maxim in question; the present plaintiff has satisfied the District Judge who presided over the Court of the defendant's domicil, upon this point, and, under the evidence, we see no reason to disturb the judgment.

See *McMasters* v. *Mathew*, 4 An. 418; *Blossman* v. *Mathew*, 5 An. 335.

The judgment is affirmed with costs.