230 So.2d 916 (1970)
Enoch DAGENHART et al., Plaintiffs-Appellants,
v.
ROBERTSON TRUCK LINES, INC., et al., Defendants-Appellees.
No. 7846.
Court of Appeal of Louisiana, First Circuit.
February 2, 1970.
*917 Bruce Waters, Baton Rouge, for plaintiffs-appellants.
Emile C. Rolfs, III, of Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for defendants-appellees.
Before LANDRY, SARTAIN, and ELLIS, JJ.
SARTAIN, Judge.
Plaintiffs appeal from a judgment of the district court sustaining defendants' peremptory exception of prescription. We are of the opinion that the exception is well taken and the judgment appealed from should be affirmed.
The petition alleges that during the "latter" part of November of 1965, a truck tire suddenly and without warning crashed into the house and automobile of Enoch Dagenhart and a boat of Dallas Jones, causing extensive damage. The suit was filed on March 26, 1968 some twenty-eight months after the occurrence of the damage. Plaintiffs also alleged that it was only after due and diligent search on their part that they were able to ascertain the ownership of the tire which caused the damage.
Defendants filed an exception of prescription and evidence was taken thereon. Plaintiff, Enoch Dagenhart, resides on U. S. Highway 190. The record reflects at approximately 11:30 P. M. a tire became disengaged from a truck traveling on the highway, sideswiped plaintiffs', Dallas Jones, cabin cruiser which was parked just a few feet from Dagenhart's car, then struck the front of the car, went through a window on one side of his house, exited through a window on the other side, and came to rest on a side street.
The serial number, type and make of the tire was obtained and this information together with the tire was presented to plaintiffs' attorney. Extensive efforts were exerted by plaintiffs' attorney to ascertain the owner of the tire. These efforts proved fruitless.
In October of 1967 plaintiff's wife observed a truck at a filling station in Livingston, Louisiana, that bore the same type of tire. This led to the discovery that the tire which caused the damage to plaintiffs' home, automobile and boat belonged to defendant, Robertson Truck Lines, Inc.
Defendants offered no testimony in rebuttal nor were any of its agents or representatives called under cross examination.
The trial judge held that notwithstanding extensive efforts on the part of plaintiffs' attorney to determine the ownership of the *918 tire, there was no showing of any fraud or concealment on the part of the defendants which would warrant the invocation of any exceptions for the interruption or suspension of prescription. The trial judge specifically held that the mere failure on the part of plaintiffs to ascertain who to sue within a year did not toll the running of prescription.
In brief before this court, counsel for plaintiffs frankly concede that their entire case is based on a rule of law recognized as the doctrine of "contra non valentem agere non currit premptio" (contra non valentem) and quotes from our decision in Penn v. Inferno Manufacturing Corp., 199 So.2d 210, 219, as follows:
"* * * prescription does not run against one without knowledge of the existence of facts that would entitle him to bring a suit * * *."
While the doctrine of contra non valentem has been applied in Louisiana, it was not adopted in and forms no basis for the decision in the Penn case. Counsel for defendants correctly points out that our decision in Penn insofar as the same related to Corning Glass Works and its insurer, Insurance Company of North America, specifically held that Corning was a co-tort-feasor of Inferno Manufacturing Corporation and that suit against Inferno was sufficient to interrupt prescription as to Corning and its insurer.
The case of Hyman v. Hibernia Bank & Trust Company, 139 La. 411, 71 So. 598 (La.Sup.Ct., 1916) contains an exhaustive review of the Louisiana cases where the doctrine of contra non valentem was considered. The doctrine itself is of Roman origin[1] and is an exception to the general rules of prescription. Simply stated it means that prescription does not run against a person unable to bring an action or a person who for some reason is unable to act. The equitable nature of the circumstances in each individual case has determined its applicability. Louisiana has on numerous occasions recognized and applied this maxim but has done so in a limited and restricted sense. See also 32 Tul.L.Rev. 783, 784.
The leading authority on this subject is the Hyman case. Undoubtedly the Supreme Court felt it necessary on this occasion to deal exhaustively with the subject because there was language in Cox v. Von Ahlefeldt, 105 La. 543, 30 So. 175 (La.Sup.Ct., 1900) to the effect that the doctrine itself was not recognized in this state.
The Hyman decision carefully analyzes Louisiana jurisprudence on the subject and in each and every case therein cited as applicable two primary factors have emerged. One is that prescription does not begin to run until the cause of action had manifested itself with sufficient certainty to be susceptible of proof in a court of law. Jones v. Texas & P. Ry. Co., 125 La. 542, 51 So. 582 (La.Sup.Ct., 1910) and Woodward-Wight v. Engel Land & Lumber Co., 123 La. 1093, 49 So. 719 (La.Sup.Ct., 1909). These two cases followed the Cox decision. On this same point is the later case of Perrin v. Rodriguez, La.App., 153 So. 555 (Orl.App., 1934) involving a medical malpractice suit which held that it was not until the plaintiff had changed physicians that he learned that his trouble was due to his former physician's (Rodriguez) negligence.
The other factor which has justified the application of the doctrine of contra non valentem involved situations where the defendant had knowingly concealed information from the plaintiff or had through his own conduct misled or lulled the plaintiff into inaction. Martin v. Jennings, 10 La. Ann. 553 (1855); and Boyle v. Mann, 4 La.Ann. 170 (1849).
In Kennard v. Yazoo and Mississippi Valley Railroad Co., 190 So. 188 (1st La. App., 1939) this court in declining to apply *919 the doctrine under the circumstances as presented stated:
"As the petition alleges that plaintiff sustained his damage on May 19, 1937, prescription began to run against his action on that date. Unless the allegation in his petition which we have quoted above shows a suspension or an interruption of the running of prescription, it is obvious that the action was prescribed when the suit was filed. It is too well established to require the citation of authority that where the petition shows on its face that the claim is prescribed, it is incumbent on the plaintiff to allege and prove facts sufficient to show a suspension or an interruption of the running of prescription so as to bring the action within the prescription period.
* * * * * *
While the maxim of "Contra non valentem" is of common law origin, it has been adopted and applied in a somewhat limited and restricted sense in this State. The rule is a child of necessity brought into being to prevent the injustice of an innocent plaintiff being lulled into a course of inaction in the enforcement of his right by reason of some concealment or fraudulent conduct on the part of the defendant, or because of his failure to perform some legal duty whereby plaintiff has been kept in ignorance of his rights."
In Martin v. Mud Supply Company, 239 La. 616, 119 So.2d 484 our Supreme Court sustained a plea of prescription when, by supplemental and amending petition filed more than a year after the accident, plaintiffs had attempted to join as a co-defendant the insurer of the defendant.
In reaching its decision, the Supreme Court stated:
"Liberative prescription is that form of prescription which releases one under certain conditions from the payment of a debt alleged to be owed by him. This type of prescription was thoroughly explained in the case of Arkansas Natural Gas Co. v. Sartor, 5 Cir., 78 F.2d 925, 928, certiorari denied, 296 U.S. 656, 56 S.Ct. 381, 80 L.Ed. 467, as follows:
"* * * Under the law of Louisiana prescription does not run against one who is ignorant of his rights, provided the party pleading it has been guilty of fraud that contributes to the want of knowledge on the part of plaintiff. Hyman v. Hibernia Bank & Trust Co., 139 La. 411, 71 So. 598. But in the absence of fraud, prescription runs against all persons, unless exempted by some provision of the statute. Plaintiffs are not protected by any statutory exemption. In Cox v. Von Ahlefeldt, 105 La. 543, 30 So. 175, it was said that those who claim exemption from prescription by reason of ignorance resulting from fraud must allege and show that such ignorance was neither willful nor negligent; and again, in Littlefield v. City of Shreveport, 148 La. 693, 87 So. 714, it was said that mere passivity cannot arrest the course of prescription, good faith not being required on the part of the person pleading prescription. La.Civil Code, art. 3550.
"The above-cited decisions of the Supreme Court of Louisiana are in line with the general jurisprudence of the country. Statutes of limitation are founded on public policy and are favored in the law. Mere ignorance of one's rights will not toll the statute of limitations. Concealment by defendant only by silence is not enough. He must be guilty of some trick or contrivance tending to exclude suspicion and prevent inquiry. There must be reasonable diligence on the part of plaintiff and the means of knowledge are the same in effect as knowledge itself. * * * We know of no decision, either of controlling authority or persuasive, holding that mere ignorance on the part of the creditor will toll the statute.'" (Emphasis ours)
*920 Article 3536 of the Louisiana Civil Code provides that actions resulting from offenses or quasi-offenses prescribe in one year commencing from the date the damage is sustained. C.C. Art. 3537.
In the instant case plaintiffs' petition contains no allegations or contentions that there was any fraud or concealment on the part of the defendants with reference to the ownership of the tire involved. The testimony taken during the hearing on the exception itself contains no evidence that defendant did anything to cause any delay in the filing of the suit or in any manner to hinder the efforts of plaintiffs.
Accordingly, we must conclude as did the trial judge that the facts of this case do not bring it within any of the accepted exceptions to the prescriptive provisions of our Civil Code and statutes nor does it warrant the application of the doctrine of contra non valentem.
Accordingly, for the above and foregoing reasons the judgment of the district court is affirmed at appellants' costs.
Affirmed.
NOTES
[1] See Pothier, Obligations. P. III. c. 8, Arts. I-V (Nos. 640-693).