GULOTTA, Judge.
In this wrongful death action, plaintiffs appeal from the trial court’s judgment maintaining a plea of prescription. The accident occurred on November 5, 1970 and the suit was filed on August 6,1976. Plaintiffs claim that defendant’s employees and representatives “did knowingly, willfully and intentionally lead” Mrs. Odessa Nathan to believe that she and her family would be “well taken care of”, thereby lulling her into not seeking legal counsel and not filing suit. Plaintiffs further claim that because of defendant’s intentional misrepresentation, the doctrine of “contra non valentem” is applicable and their suit is not barred by one year prescription.
It is plaintiffs’ contention, on appeal, that the trial judge erred in maintaining the plea of prescription merely upon consideration of affidavits and argument without affording an opportunity for the presentation of additional evidence; that the issue of interruption of prescription based on the doctrine of contra non valentem is a factual question to be submitted to a jury; and, that the trial judge erred in maintaining the plea of prescription where defendants presented no evidence to controvert plaintiffs’ affidavits.
The trial judge concluded the almost six year delay for the filing of plaintiffs’ suit “is not a period during which such words, etc. could reasonably be expected to prevent judicial assertion, thus suspending prescription.” According to the trial judge, “six (6) years is too long.”
In an affidavit filed in support of the interruption of prescription, plaintiff, Odessa Nathan, states that two or three days after the death of her husband and while accompanied by her two brothers, she was requested by an employee in defendant’s claim department not to contact any attor *58 ney because her husband’s death was under investigation. She further states, in that affidavit, she was told by the adjuster on that occasion, that if she did employ an attorney and suit was filed, her workmen’s compensation check would be terminated; that the matter could be litigated for five to seven years and she would receive nothing in the interim; and, that when the investigation was completed she would receive a lump sum payment. According to plaintiff, based on these representations, she did not employ an attorney to represent her. An affidavit of plaintiff’s brother generally corroborates plaintiff’s statements.
Well settled is the rule that the doctrine of contra non valentem applies only where ignorance of a party’s right to file suit is not “willful and does not result from negligence.” See Cartwright v. Chrysler Corporation, 255 La. 598, 232 So.2d 285 (1970); Blouin v. Loyola University, 325 So.2d 848 (La.App. 4th Cir. 1976). Furthermore, “reasonable diligence” must be exercised by a plaintiff in pursuit of his claim in order to avail himself of the benefit of the doctrine. Green v. Grain Dealers Mutual Insurance Company, 144 So.2d 685 (La.App. 4th Cir. 1962); Tassin v. Allstate Insurance Co., 310 So.2d 680 (La.App. 4th Cir. 1975), writs denied, 313 So.2d 836 (La.1975).
Although plaintiff is an uneducated person with eight children, it is difficult to conclude that she was not negligent in failing to pursue her claim. As indicated in the affidavit, the misrepresentation occurred within two or three days after the accident, in one isolated instance, by a claims representative in the presence of plaintiff and her two brothers. According to plaintiff, based on this misrepresentation, she failed to file suit or seek legal counsel for a period of approximately five years and nine months. This is not a case where the misrepresentations were made on numerous occasions over an extended period of time which repeatedly lulled plaintiff into a sense of security.
The circumstances considered, we cannot say plaintiff exercised “reasonable diligence” in asserting her claim. Accordingly, we conclude the doctrine of contra non va-lentem is not applicable to plaintiff.
We further find no merit to plaintiffs’ contention that the contra non valen-tem issue should have been referred to the merits to be considered by jury. (Jury trial had been requested). There exists, in this case, no factual dispute to be resolved by a fact finder. The question is whether or not a five year, nine month delay in filing suit is reasonable. This question is a legal one to be decided by the trial judge. See Green v. Grain Dealers Mutual Insurance Company, 144 So.2d 685 (La.App. 4th Cir. 1962); Williams v. Red Barn Chemicals, Inc., 188 So.2d 78 (La.App. 1st Cir. 1966). Under the circumstances we find no abuse of the trial court’s discretion in passing on the prescription question, in limine, without referring the matter to the jury. See Chin See Fun v. Louisville and N. R. Co., 344 So.2d 8 (La.App. 4th Cir. 1977), writ denied, 346 So.2d 210 (La.1977); Duhon v. Saloom, 323 So.2d 202 (La.App. 3rd Cir. 1976), writ refused, 325 So.2d 794 (La.1976).
The judgment is affirmed.

AFFIRMED.