J2FITZSIMMONS, Judge.
Conrad Adams, a permanent status employee of the State of Louisiana, Department of Health and Hospitals (DHH), appealed the Civil Service Commission’s decision. The decision found that Mr. Adams’ appeal to the commission of his assignment to “special duty” was untimely.[2] We remand for further proceedings.
By letter dated February 19, 1996, Mr. Adams was “detailed to special duty” for thirty days: until March 20, 1996. DHH notified Mr. Adams that the reassignment to “special duty” was based on statements by Mr. Adams. Allegedly, Mr. Adams had commented that his supervisor was ‘Vindictive” and “out to get” him. The notice of “special duty” also detailed some personal problems that Mr. Adams was experiencing at the time.
Allegedly, the special duty was to a job with a different classification and job description than that of his permanent position. The new job entailed much less responsibili *1177 ty. Mr. Adams also asserts that the time period for the “special duty” was improperly extended. For these reasons, Mr. Adams argues that the “special duty” and extension served as a disguised disciplinary action. However, no notice of a disciplinary action or rights of appeal was given. See Civil Service Rules 12.7 and 12.8. Mr. Adams filed a notice of appeal, postmarked June 10, 1996. This was less than three months after the special duty was allegedly extended and approximately four months from the reassignment.
In its motion for summary disposition of an untimely appeal, DHH cited Civil Service Rule 8.16(d) and Rule 13.12(a)(2), as its authority. DHH maintained that the action was not disciplinary in nature, but discretionary. Therefore, no 13notice of a disciplinary action and rights to an appeal was required. Because the complained of “special duty” extension occurred more than thirty days before the notice of appeal, the notice of appeal was untimely.
The referee found that Mr. Adams was “aware” of the reassignment to “special duty” and the alleged extension more than thirty days before the filing of the appeal. Therefore, citing Civil Service Rule 13.12(a)(2), the referee summarily dismissed the appeal for failure to file timely.
Rule 8.16(d)(1) allows “special duty” reassignments when employees are “temporarily needed” for another position. This assignment may be “for a period not to exceed one month without change in title, status or pay.” An extension can be granted only with the approval of the Director. Civil Service Rule 8.16(d)(2). The assignment must be made “without prejudice” to the employee’s “rights in and to his regular position.” Civil Service Rule 1.13.1.
Chapter 12 of the Civil Service Rules controls adverse actions against the employee. Rule 12.2 provides that “[disciplinary actions can only include: reassignments; suspensions without pay; reductions in pay; involuntary demotions and dismissals.” Rule 12.8(a) mandates “prior written notice” for an employee “subjected to any disciplinary action....” This written notice “shall” be given. It must include a statement of the disciplinary action, information “of the conduct for which the action is being taken,” a statement of appeal rights, and information on how to obtain a copy of Chapter 13 rules on appeals and hearings. Civil Service Rule 12.8(a)(l-4).
iJf written notice of the action taken is required, the employee must file within thirty days after the date of receipt of the written notice. Civil Service Rule 13.12(a)(1). Rule 13.12(a)(2) requires a notice of appeal within thirty days “after the date when appellant learned or was aware that the action complained of had occurred when no written notice is required by these Rules or, if required, was given tardily or not at all.” (Emphasis added.)
However, neither Rule 13.12(a)(1) nor (2) can render the notice requirements of Rule 12.8 nonsensical. A procedural rule for appeal time limitations cannot be arbitrarily interpreted or applied to overrule due process and the mandatory notice requirements of Rule 12.8. When written notice is required, appeal time delays do not begin to run until the employee receives proper notice. See Butler v. Charity Hospital of New Orleans, Department of Health and Human Resources, 442 So.2d 531, 534 (La.App. 1st Cir.1983); Pailet v. Office of Health Services and Environmental Quality, Department of Health and Human Resources, 387 So.2d 1274, 1277-78 (La.App. 1st Cir.1980) (limited by Butler).
The mere fact that an employee is “aware” that a change of some kind has occurred is not sufficient notice. The employee must be properly notified or “aware” that he is being adversely affected; he needs to understand that a disciplinary action is being taken. Proper notice is defined by Rule 12.8, which mandates particularized notice of a disciplinary action and appeal rights.
Thus, this appeal presents two questions that must be resolved before the issue of timeliness of appeal to the commission. First, was the action taken by DHH a disciplinary action? This question can be answered in the affirmative regardless of whether DHH intentionally disguised the ^disciplinary action or simply did not proper *1178 ly characterize the action and its effect on the employee. The focus must be on the reason for the action. Was it a reassignment to “special duty” because Mr. Adams was “temporarily needed,” or was it a disciplinary reassignment or change in position? Secondly, if the detail to “special duty” was a disciplinary action, was the February 19, 1996 letter “notice sufficient” to satisfy due process and Civil Service Rule 12.8?
The “special duty” reassignment in this case resembles a disciplinary action. We require further inquiry by the referee into the facts surrounding the reassignment. Certainly, Mr. Adams did not voluntarily undertake the “special duty.” Such an action could excuse a lack of notice. See Pugh v. Department of Culture, 597 So.2d 38 (La.App. 1st Cir.1992).
Therefore, we remand for a hearing to determine if the actions taken by DHH qualified as a disciplinary reassignment that required notice under Civil Service Rule 12.8. If a finding is made by the referee that the action taken by DHH was actually a disciplinary action, the referee must then determine if the February 19, 1996 notification letter was notice sufficient to satisfy Rule 12.8. A finding that the February letter could serve as a Rule 12.7 pre-discipline notice, does not answer the question of whether the letter fulfilled the mandate of Rule 12.8 notice.
We do not hold that Mr. Adams had the right to an infinite amount of time in which to appeal. However, if Mr. Adams was disciplined in a manner that required Rule 12.8 notice, DHH’s failure to provide the notice delayed the running of the appeal time. If such is the fact, Mr. Adams acted within a reasonable time after counsel’s advice that the detail to “special duty” was possibly a disguised disciplinary action. If the referee finds that the “special duty” reassignment or extension was a ^disciplinary action, without the proper and adequate notice, Mr. Adams’ notice of appeal should be considered timely.
This matter is remanded for further inquiry by the referee, consistent with this opinion. Costs of the appeal, $115, are assessed to the employer, DHH.
REMANDED, WITH INSTRUCTIONS.

. DHH filed a motion to strike portions of Mr. Adams' brief for violation of Rule 2-12.4, Uniform Rules-Courts of Appeal. We deny the motion. Appellant’s brief strongly advocated the claim of a disguised disciplinary action, but did not rise to the level of obnoxious or abusive language.