J^FITZSIMMONS, J.
The Department of Health and Hospitals (DHH) requested that the Department of State Civil Service (Civil Service) reallocate all Public Health Program Officers II to Program Managers I. Civil Service Rule 1.32 defines “reallocation” as “a change in the allocation of a position from one job to another wherein the duties of the position have undergone a change.” After a review of the positions, not all of the Public Health Program Officers II were upgraded. In Ms. Sterne’s case, her “position,” her particular “collection of duties and responsibilities,” was determined to be properly allocated as a Public Health Program Officer II. Civil Service Rule 1.25. Thus, her position was not reallocated. Ms. Sterne appealed to the Director of the Civil Service, pursuant to Civil Service Rule 5.3. The request for reallocation was again denied. Ms. Sterne received notice of the denial on October 11, 1995. No appeal of that decision was taken until April 9, 1996.
The Civil Service referee directed the parties [1] to show cause, by briefs, why the appeal should not be dismissed as untimely. Civil Service also moved to dismiss the appeal as untimely. .The referee found the appeal untimely under Civil Service Rule 13.12(a)2, and dismissed the appeal. Ms. Sterne applied to the Civil Service Commission (commission) for review of the referee’s ruling. The commission denied the request for review. After the denial, the *507 referee’s decision became the final decision of the commission. Ms. Sterne appealed to this court. We affirm.
Reallocations of positions in the Civil Service classification plan are not disciplinary actions. Reallocations are based on an analysis of inherent duties, not competency. Thus, notice, required for disciplinary actions by our Constitution and Chapter 12 of the Civil Service Rules, is not at issue here; nor is the requisite notice of appeal rights found in rule 12.8. Bell v. Department of Health and Human Resources, 483 So.2d 945, 947-49 (La.), cert. denied, 479 U.S. 827, 107 S.Ct. 105, 93 L.Ed.2d 55 (1986); see Adams v. Department of Health and Hospitals, 97-0750 (La.App. 1st Cir.4/8/98); 710 So.2d 1176, unit denied, 98-1251 (La.6/19/98); 721 So.2d 474. Civil Service Rule 5.3 affords the employee, who was allegedly not properly reallocated, “a reasonable opportunity to have his case reviewed by the Director ...” Bell, 483 So.2d at 949. The Director’s decision on allocations or realloca-tions is final, unless the | semployee alleges discrimination. Civil Service Rules 5.3(b). If discrimination in the ruling on reallocation is alleged, the decision may be appealed to the commission. Civil Service Rule 13.10(d).
However, due process does not give an employee an interminable length of time in which to appeal. It is not unreasonable to require an employee to appeal within 30 days of the date he receives actual knowledge of some adverse action by the appointing authority or of some violation of the Rules giving rise to an appeal, whether written notice is received or not required to be given at all.
Butler v. Charity Hospital of New Orleans, 442 So.2d 531, 535 (La.App. 1st Cir. 1983). Civil Service Rule 13.12(a)2 requires that the appeal be taken “[w]ithin thirty (30) calendar days after the date when appellant learned or was aware that the action complained of had occurred when no written notice is required ....”
Although the rules did not require written notice in this case, Ms. Sterne received written notice, by a letter dated October 11, 1995. The letter stated that the denial of her reallocation had been reviewed, and her position would not be reallocated. It is unclear whether Ms. Sterne alleged discrimination in 1995 in or after the Rule 5.3(b) review. By an October 16, 1995 memorandum from Ms. Sterne to DHH, she noted that her superiors advised her that she had “no further appeal for one year.” Her April 9, 1996 appeal made a general allegation of discrimination, and argued that Civil Service should not substitute its judgment for that of DHH, who had requested the reallocations from Civil Service. However, the appeal was not taken within the thirty day period prescribed. Thus, her April, 1996 appeal of October, 1995 actions was untimely.
Ms. Sterne argues that the information about no further appeal was incorrect, and that the doctrine of contra non valentem agere praeseriptio non currit lex should be applied as an exception to the 30 day time period. The equitable doctrine of contra non valentem “has been applied to cases wherein defendant, has concealed the fact of the offense ....” Butler, 442 So.2d at 535, quoting from Nathan v. Carter, 372 So.2d 560, 562 (La.1979). It also can apply when the defendant has committed acts that willfully or intentionally hindered, impeded, or prevented plaintiff from asserting a cause of action, “as long as plaintiffs delay in bringing suit is not willful or the result of his own negligence.” Id.
Two points render unnecessary a determination of whether contra non valentem can be applied in this type of case. First, Ms. Sterne does not allege that her employer, DHH, concealed information or intentionally hindered, misled, or prevented her from appealing. Even |4assuming she alleged discrimination in 1995, and had another avenue of appeal, Ms. Sterne argues only that DHH gave her the wrong information. She does not allege that DHH meant to deceive her. Second, Ms. *508 Sterne does not assert that Civil Service, the defendant whose actions are complained of here, gave her any advice, misled her in any way, or tried to hinder an appeal to the commission.
Ms. Sterne also argues that Butler requires notice of appeal rights be given in this case. After a review of Butler, we find that Ms. Sterne has misread the language in the opinion, and is in error. Butler requires no more notice than that required by our constitution, and the Civil Service Rules. Not all appealable cases require notice, much less notice of appeal rights. Pugh v. Department of Culture, Recreation and Tourism, Sabine River Authority, 597 So.2d 38, 42 (La.App. 1st Cir.1992). Butler certainly does not mandate notice of appeal rights for denied reallocations.
Additionally, Ms. Sterne assigns error to the referee’s failure to have a hearing, before dismissing the appeal as untimely. We disagree. Ms. Sterne does not cite a rule requiring a hearing, under these circumstances. Civil Service Rule 13.14(a)3 and (b)2(d) provides for summary disposition for untimely appeals. As for a hearing based on fairness considerations, the untimeliness was apparent on the face of the appeal. No allegations in appellant’s brief to the referee raised questions that necessitated a hearing based on fundamental fairness.
For these reasons, we affirm the commission’s decision. The costs of the appeal are assessed to Ms. Sterne.
AFFIRMED.

. Appellee, DHH, was added to Ms. Sterne's appeal to the commission by Civil Service. Apparently, Civil Service added DHH because a decision might affect DHH's budget. Ms. Sterne did not name DHH in her appeal to the commission.