CARAWAY, J., concurs in part and dissents in part with written reasons.
GARRETT, J., concurs in part and dissents in part with written reasons.
BROWN, Chief Judge.
| ¡¿Plaintiff, Meiko Prevo, brought suit against defendants, State of Louisiana Department of Public Safety and Corrections Division of Probation and Parole, Webster Parish Sheriffs Office, and Minden Probation and Parole, - claiming that she was coerced to register as a sex offender. After a hearing on defendants’ peremptory exceptions of prescription, the trial court dismissed plaintiffs suit. Plaintiff now appeals. For the reasons stated herein, we affirm as to the Sheriffs Office, but reverse as to the State of Louisiana Department of Public Safety and Corrections Division of Probation and Parole.

Facts and Procedural Background

Plaintiff, Meiko Prevo, was arrested in April 2000 in Baton Rouge, Louisiana, for *19 the offense of crime against nature, a violation of La. R.S. 14:89. On August 31, 2000, plaintiff pled guilty to a reduced misdemeanor charge of criminal mischief and was sentenced to 90 days, suspended, and placed on probation for a period of one year. She successfully completed her one-year probation. At no time was she required to register as a sex offender.
In 2008, seven years after the completion of her probation on the 2000 misdemeanor charge, plaintiff was arrested for distribution of cocaine. On September 8, 2008, following a guilty plea to the charge, plaintiff was sentenced to five years probation.[1] After being placed on probation for ^distribution of cocaine, plaintiff reported to probation officer David Phillips. Officer Phillips instructed plaintiff that she must register as a sex offender because her criminal history showed a disposition for a crime against nature in 2000 and had “SEX OFFENDER” stamped across the top of the document. Officer Phillips told, plaintiff that if she failed to register as a sex offender she was going to jail. Plaintiff objected to being classified as a sex offender and even had her attorney .from her 2000 arrest phone Officer Phillips to inform him that she had pled guilty to a reduced misdemeanor charge of criminal mischief. Officer Phillips was unmoved, and plaintiff registered with the Webster Parish Sheriffs Office the next day.
According to plaintiffs deposition testimony, on several occasions she implored Officer Phillips to look further into her matter, claiming each time that -she was not a sex offender and, as such, should not have to be registered as one. Nothing came from these requests. In late May 2010, authorities tracked plaintiff down at her residence for her failure to re-register. In June 2010, to avoid jail, plaintiff again went to the Webster Parish Sheriffs Office and registered as a sex offender.
Thereafter, in September 2010, Officer Phillips was promoted to a supervisory position and Officer Mike Ware replaced him as plaintiffs probation officer. During plaintiff and Officer Ware’s first meeting, plaintiff again stated that she had not been convicted for a crime against nature and that she was not a sex offender. Officer Ware immediately conducted an investigation into plaintiffs claim and obtained a fax from East Baton Rouge Parish that showed that she had pled guilty to the reduced |4misdemeanor charge of criminal mischief.- On October 11, ,2010, Officer Ware informed plaintiff of his findings and began the process of having plaintiff removed from the sex offender registry. Plaintiff filed this lawsuit on October 7, 2011.
Sheriff Sexton and the DOC filed, among other things, peremptory exceptions of prescription. A hearing was held on the matter, and the trial courted granted defendants’ exceptions of prescription. Plaintiff now appeals.

Discussion

La. C.C. art. 3492 provides that the one-year liberative prescription period for delictual actions begins to run from the date that the injury or damage is sustained. When the petition reveals on its face that prescription has run, the plaintiff bears the burden of showing why the claim has not prescribed. Wimberly v. Gatch, 93-2361 (La.04/11/94), 635 So.2d 206. Plaintiffs petition states that she was informed that she had to register as a sex offender in September 2008 and again in June 2010. Although plaintiff did not file *20 the instant suit until October 7, 2011, which is more than a year from her last registration, she did file less than a year from the date she was finally informed that she was not a sex offender and did not have to register as such.
La. C.C. art. 3467 states that prescription runs against all persons unless exception is established by legislation. Contra non valentem agere currit praes-criptio is the judicially-recognized doctrine whereby the running of prescription is suspended under certain conditions. Carter v. Haygood, 04-0646 (La.01/19/05), 892 So.2d 1261. Although the doctrine is contrary to the express provisions of the Civil Code, the principles of equity and justice, which form the mainstay of the doctrine, demand that under certain circumstances prescription be suspended because the plaintiff was effectually prevented from enforcing her rights for reasons external to her own will. Wimberly, supra.
The doctrine of contra non valen-tem applies in four general situations to prevent the running of liberative prescription: 1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiffs action; 2) where there was some condition coupled with the contract or connected with the proceedings which prevented the plaintiff from suing or acting on his claim; 3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; 4) where the cause of action is not known or reasonably knowable by the plaintiff even though his ignorance is not induced by the defendant. Carter, supra; Wimberly, supra; Corsey v. State, Through Dept. of Corrections, 375 So.2d 1319 (La.1979).
As stated, despite the clear language of La. C.C. art. 3467, courts have, in exceptional circumstances, resorted to the maxim contra non valentem. See Specialized Loan Servicing, LLC v. January, 12-2668 (La.06/28/13), 119 So.3d 582; Carter, supra; Corsey, supra. Contra non valen-tem prevents the running of prescription when: (1) the defendant engages in conduct which rises to level of concealment, misrepresentation, fraud, or ill practice; (2) the defendant’s actions effectually prevented the plaintiff from pursuing his or her cause of action; and (3) the plaintiff must have been reasonable in his or her inaction. Marin v. Exxon Mobil Corp., 09-2368 (La.10/19/10), 48 So.3d 234; Albe v. City of New Orleans, 14-0186 (La.App. 4th Cir.09/17/14), 150 So.3d 361, writ denied, 14-2166 (La.12/08/14), 153 So.3d 445. At issue in determining the reasonableness of a plaintiffs inaction is her education, intelligence, and the nature of the defendant’s conduct. Wells v. Zadeck, 11-1232 (La.03/30/12), 89 So.3d 1145; Marin, supra.
When a plaintiff has been lulled into inaction by a defendant’s misrepresentation, prescription is suspended until the plaintiff is made aware of the truth of the matter. Miley v. Consolidated Gravity Drainage Dist. No. 1, 93-1321 (La.App. 1st Cir.09/12/94), 642 So.2d 693.
A review of the various applications of contra non valentem shows that the underlying bases for applying the doctrine are equity and a sense of fairness. Whether it explicitly does so or not, each court that considers the applicability of the doctrine should consider these bases in making its determination. It is submitted that these bases make the case ‘exceptional’ under the terms of the comment to La. C.C. art. 3467. See Plaquemines Parish Com’n Council v. Delta Development Co., Inc., 502 So.2d 1034 (La.1987), superseded by statute on other grounds as stated in *21 Jenkins v. Starns, 11-1170 (La.01/24/12), 85 So.3d 612.
In Kilpatrick v. Kilpatrick, 25,061 (La.App.2d Cir.09/22/93), 625 So.2d 222, 227, writ denied, 93-2655 (La.01/07/94), 631 So.2d 445, this court stated:
Contra non valentem applies where the defendant has concealed the fact of the offense or has committed acts including concealment, fraud, misrepresentation, or other ill practices which tend to hinder, impede or prevent the plaintiff from asserting his cause of action as long as the plaintiffs delay in bringing suit is not willful or the result of his own negligence. (Citations omitted).
In Nathan v. Carter, 372 So.2d 560 (La.1979), an employee’s wife was allegedly told by the employer’s claims manager that if she contacted an attorney her workmen’s compensation benefits would be terminated and all benefits would be cut off while the matter was litigated. The supreme court found that the wife’s delay in bringing an action against the executive officers, directors and supervisory employees to recover for her husband’s death was neither wilful nor resulted from her own negligence. Defendant’s acts of fraud and misrepresentation were calculated to prevent the assertion of the claim for as long as compensation payments continued and these acts directly resulted in a six-year delay by the wife in bringing an action. Thus, based upon the record before it, the supreme court held that the lower court erred in holding that the wife’s action was barred based on prescription.
In the case sub judice, plaintiff had an eighth-grade education. She was meeting with her probation officer for the first time and was threatened with arrest and jail if she did not register as a sex offender. Even though plaintiff voiced her protestation at having to do so, Officer Phillips told her “that according to the State Police and everything that [he] could confirm at that time, she was [a sex offender].” Plaintiff believed that she had no choice but to acquiesce. Officer Phillips was in a position of authority, and his orders to plaintiff were final. Plaintiffs opinions were overridden by a 18law officer, and his view that she was a sex offender was imposed through threats of arrest and jail. Such misrepresentations by one with authority over plaintiff resulted in the delay by plaintiff in filing her action. Considering plaintiffs limited education, the nature of defendant’s conduct and position of authority, we find that plaintiffs action against the DOC should not be barred by prescription.
Accordingly, plaintiffs action against the DOC was timely. We find, however, that contra non valentem does not apply to suspend prescription on plaintiffs claim against the Webster Parish Sheriffs Office. The record is completely devoid of any evidence to establish that the Sheriffs Office made any representations to plaintiff which would have lulled or prevented her from taking action. See Miley v. Consolidated Gravity Drainage Dist. No. 1, supra.

Conclusion

Based on the foregoing, we affirm the trial court’s granting of the peremptory exception of prescription filed by the Webster Parish Sheriffs Office. We, however, reverse that part of the trial court’s judgment granting the exception of prescription filed by the State of Louisiana Department of Public Safety and Corrections Division of Probation and Parole. Costs in the amount of $2,488.99 are assessed against State of Louisiana Department of Public Safety and Corrections Division of Probation and Parole as allowed by law.

. The record does not contain the information about this charge. We note that distribution requires a minimum sentence of two years without benefit of parole, probation or suspension.