PER CURIAM.
bln this matter, we are called upon to determine whether the court of appeal erred in reversing the judgment of the district court which granted defendant’s exception of prescription and dismissed plaintiffs suit. For the reasons that follow, we conclude the judgment of the district court was correct.
FACTS AND PROCEDURAL HISTORY
Plaintiff, Meiko Prevo, was arrested in April 2000 in East .Baton Rouge Parish, Louisiana, for the felony offense of crime against nature. Plaintiff .ultimately pleaded guilty to a reduced charge of criminal mischief, a misdemeanor. She was sentenced to ninety days in jail, suspended, and placed on probation for a period of one year, which she successfully completed. For purposes of this opinion, it is important to note that plaintiff was not required to register as a sex offender based on her conviction for misdemeanor criminal mischief.
In September 2008, plaintiff was again arrested and charged with distribution of cocaine. She pleaded guilty, received a hard labor suspended sentence, and was placed probation for a period of five years.
12After being places on probation, plaintiff reported to her probation officer, David Phillips. Officer Phillips .reviewed plaintiffs criminal history “rap sheet” from the Louisiana State Police, which identified her as a sex offender based on a disposition for crime against nature in April 2000. He also relied on an East Baton Rouge Parish “conviction notification” which showed she was convicted of crime against nature. Based on this information, Officer Phillips advised plaintiff that she was required to register ás a sex offender based on what he understood to be her earlier 2000 conviction, and if she failed to do so, she would be sent to jail to serve her five-year sentence.
Plaintiff objected to being required to register as á sex offender. Plaintiff had the attorney who represented her in connection with her April 2000 arrest telephone Officer Phillips to inform him that *397 she had pleaded guilty to a misdemeanor charge of criminal mischief. Nonetheless, Officer Phillips maintained plaintiff was required to register as a sex offender. On September 9, 2008, plaintiff registered as a sex offender.
On several occasions after registering, plaintiff continued to ask Officer Phillips to further investigate her case, claiming each time that she was not a sex offender and should not have to be registered.[1] According to plaintiff, Officer Phillips took no action on her requests. •
At some point between June 14, 2010 and September 2010, plaintiff traveled to East Baton Rouge Parish to obtain her criminal records, including the pertinent district court minutes. These records confirmed that plaintiff was convicted of criminal mischief in 2000.
Meanwhile, in September 2010, plaintiff was assigned a new probation officer, Officer Mike Ware. During plaintiffs initial meeting with Officer Ware, she [ ¡^informed him that she had not been convicted of crime against nature and was erroneously required to register as a sex offender. Officer Ware investigated plaintiffs allegations and obtained information from the East Baton Rouge Parish Clerk of Court showing plaintiffs guilty plea to the misdemeanor charge of criminal mischief. In correspondence dated October 11, 2010, Officer Ware informed plaintiff of his findings and began the process of having her removed from the sex offender registry.
On October 7, 2011, plaintiff filed the instant suit against several defendants, including the State of Louisiana, Through the Department of Public Safety and Corrections Division of Probation and Parole (“State”).[2] , Essentially, plaintiff alleged she was coerced to register as a. sex offender and suffered significant injury as a result.
During discovery, the State took plaintiffs deposition. In her deposition, plaintiff testified that during her initial meeting with Officer Phillips in 2008, as well as subsequent meetings, she advised him she had never been convicted of a sex offense and was not required to register as a sex offender. She further. testified that in 2008, she contacted Jim Hall, the attorney who represented her when she pleaded to the criminal mischief charge in 2000, and had him speak with Officer Phillips and confirm she was not a sex offender.
After discovery, the State filed a peremptory exception raising the objection of prescription. In support of the exception, the State argued plaintiffs petition sounded in tort and was subject to a one-year prescriptive period. Relying on plaintiffs 1 ¿deposition testimony, the State asserted plaintiff was aware she was not required to register as a sex offender in 2008, but did not file suit until October 7,2011.
After a hearing, the district court sustained, the State’s exception of prescription and dismissed plaintiffs suit with prejudice.
Plaintiff appealed. A five-judge panel of the court of appeal, with two judges dissenting, reversed the judgment of the district court insofar as it granted the State’s exception of prescription.[3] Prevo v. State *398 of Louisiana, 49,650 (La.App. 2 Cir. 3/4/15), 163 So.3d 16.
Upon the State’s application, we granted certiorari to consider the correctness- of this decision. Prevo v. State of Louisiana, 15-0823 (La.6/30/15), 172 So.3d 1095.
DISCUSSION
The rules of prescription are designed to prevent old and stale 'claims from being prosecuted. Wells v. Zadeck, 11-1232, p. 7 (La.3/30/12), 89 So.3d 1145,1149. Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. Campo v. Correa, 01-2707, p. 7 (La.6/21/02), 828 So.2d 502, 508. However, if prescription is evident on the face of the pleadings, the burden shifts" to the plaintiff to show the action has not prescribed. Campo, 01-2707 at p. 7, 828 So.2d at 508; Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383, 1386 (La.1993).
In the instant case, the undisputed evidence indicates plaintiff believed as early as September 2008 that she had not been convicted of an offense which required her to register as a sex offender. Plaintiffs suspicions were confirmed no later than September 2010, when she obtained her court records which revealed she was I ^convicted of criminal mischief and not crime against nature. Despite this knowledge, she did not file suit until October 7, 2011. Therefore, her suit is prescribed on its face.
Nonetheless; plaintiff argues the doctrine of contra non valentem should apply under these facts, as any delay on her part in bringing the action was not willful or negligent. Rather, she claims the State’s acts of misrepresentation hindered, impeded, or prevented her from asserting her cause of action.
To mitigate the occasional harshness of prescriptive statutes, our courts have recognized a jurisprudential exception to prescription known as contra non valentem non currit praescriptio, which means that prescription does not run against a person who could not bring his suit. Carter v. Haygood, 04-0646 (La.1/19/05), 892 So.2d 1261. This principle is based on the equitable notion that no one is required to exercise a right when it is impossible for him or her. to do so. Harvey v. Dixie Graphics, Inc., 593 So.2d 351, 354 (La.1992).
Although the jurisprudence has recognized four categories of contra non valentem, the focus of the instant case is on the third category, which applies “where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action.” Plaquemines Parish Com’n Council v. Delta Development Co., Inc., 502 So.2d 1034, 1054-55 (La.1987). We have held this category encompasses situations where an innocent plaintiff has been lulled into a course of inaction in the enforcement of his right by reason of some concealment or fraudulent conduct on the part of the defendant, or because of his failure to perform some legal duty whereby plaintiff has-been kept in ignorance of his rights. Crump v. Sabine River Authority, 98-2326, p. 13 (La.6/29/99), 737 So.2d 720, 730. In essence, this category applies when the defendant engages in conduct which prevents the | (-plaintiff from availing himself of his judicial remedies. Whitnell v. Menville, 540 Sp.2d 304, 308 (La.1989).
In Marin v. Exxon Mobil Corp., 09-2368, p. 24 (La.10/19/10), 48 So.3d 234, 252, we held there are three elements which must be established in order for the third category of contra non valentem to apply: *399 (1) the defendant engages in conduct which rises to the level of concealment, misrepresentation, fraud or ill practice; (2) the defendant’s actions effectually prevented the plaintiff from pursuing a cause of action; and (3) the plaintiff must .have been reasonable in his or her inaction.
Applying the Marin analysis to the facts of the case at bar, we find the first element is not satisfied. Although plaintiff argues Officer Phillips made misrepresentations to her regarding her status as a sex offender, a review of the evidence does not support this conclusion. In particular, Officer Phillips testified that at the time he met with plaintiff, he relied on documents from the State Police as well as a conviction notification from East Baton Rouge Parish which indicated plaintiff had been convicted of crime against nature. He further testified he requested additional records from East Baton Rouge Parish Clerk of Court’s office, but was advised these records were not available.
While Officer Phillips’ determination of plaintiffs status as .a sex offender later turned out to be erroneous, there is. no indication he willfully concealed information from her or made intentional misrepresentations. Rather, he simply made misstatements of fact based on the information available to him at the time. In Rajnowski v. St. Patrick’s Hospital, 564 So.2d 671, 674 (La.1990), we held that “misstatements do not constitute fraud, concealment, misrepresentation or a breach of a duty to disclose, and did not prevent plaintiffs from learning of the cause of action and filing suit.”
17Moreover, even assuming for sake of argument that Officer Phillips’ statements could be considered misrepresentations, we find plaintiff failed to satisfy the second element of the Marin test, because she cannot show the State prevented her from pursuing her cause of action. Plaintiffs deposition testimony establishes she immediately challenged Officer Phillips’ conclusion that she had been convicted of crime against nature. . She took , steps to verify her true status, including contacting the attorney who represented her in connection with the earlier criminal charge and obtaining her conviction records. The State did nothing to impede plaintiffs efforts to determine whether she was in fact required to register as a sex offender.
In brief to this court, plaintiff emphasizes the fact that Officer Phillips threatened her with prison if she did not comply with his demands.. We fine} plaintiff’s focus is misplaced. Admittedly, Officer Phillips advised plaintiff she could be imprisoned if she did not register a sex offender. However, Officer Phillips’ statement was simply based on his mistaken belief that plaintiff was a sex offender who was required to register and who would face, consequences under the law if she did not do so.
Most importantly, there- is no evidence that Officer Phillips threatened plaintiff with consequences if she pursued her legal remedies to determine whether she was in fact required to register. In this regard, the facts of the case at bar stand in sharp contrast with those of Nathan v. Carter, 372 So.2d 560 (La.1979), in which the defendants threatened the plaintiff with termination if she attempted to contact an attorney and determine her legal rights;
In applying the law to the -facts as contained in the record before us, it is dear that, plaintiffs alleged acts of fraud and misrepresentation intentionally committed by defendants (or their representative) designed.to hinder,, impede, or prevent plaintiffs from asserting their cause of action or lull them into a false security. -It is equally, apparent that the | ^record herein does not support a find *400 ing that plaintiffs’ delay in bringing this action was either willful or resulted from plaintiffs’ own negligence. As alleged by plaintiffs, defendants threatened Mrs. Nathan with termination of her compensation benefits if she ever contacted an attorney. Viewed in this light, the acts of fraud and misrepresentation committed by defendants constituted a continuing threat calculated to prevent assertion of this claim for as long as the compensation payments continued. As such, plaintiffs’ delay in bringing this action was a direct result of the fraud or misrepresentation allegedly committed by defendants rather than of their own willfulness or negligence, [emphasis added].
In the instant case, the State did nothing to prevent plaintiff from ascertaining and exercising her legal rights. This conclusion is clearly illustrated by the evidence which reveals plaintiff did in fact contact her former attorney and obtain her criminal records without any interference or retaliation by the State. Given these facts, we do not find the State’s actions prevented plaintiff from pursuing her cause of action in any way.
Finally, the third element of Marin requires us to determine whether plaintiffs inaction was reasonable under the fact. In applying this element, plaintiff urges us to consider her limited education as well as her mental health history of bipolar disorder and schizophrenia.
Our jurisprudence has long recognized that the reasonableness of a plaintiffs action or inaction must be considered in light of his or her education, intelligence and the nature of the defendant’s conduct. See, e.g., Griffin v. Kinberger, 507 So.2d 821 (La.1987). Nonetheless, based on our review of the record, we do not believe plaintiffs educational status or mental condition impaired her from learning of her cause of action. As discussed above, plaintiff had the presence of mind to contact her former criminal attorney in 2008 and obtain her criminal records by September 2010. Plaintiff was convinced she was not required to register as a sex offender. Given this |9level of knowledge, we believe it was unreasonable for plaintiff to delay availing herself of her legal remedies until October 2011.
In summary, we find plaintiff’s suit is prescribed on its face. Plaintiff has failed to establish any basis for application of the doctrine of contra non valentem to prevent the running of prescription. Accordingly, we find the district court properly granted the State’s exception of prescription, and the court of appeal erred in reversing that judgment.
DECREE
Fort the reasons assigned, the judgment of the court of appeal is reversed. The pretty judgment of the district court granting the exception of prescription filed by the State of Louisiana, Through the Department of Public Safety and Corrections Division of Probation and Parole is hereby reinstated.

. Plaintiff initially failed to re-register in 2010, but did so after law enforcement officials visited her home.

. Additionally, plaintiff named the Webster Parish Sheriffs Office as a defendant. This defendant filed an exception of prescription. The district court granted the exception, and the court of appeal affirmed. This ruling is not before us in the current matter.

. As discussed in footnote 2, -supra, the court affirmed the exception of prescription in favor of the Webster Parish Sheriffs Office. This *398 portion of the court of appeal’s judgment is not at issue.